**James W. SLUSHER, Appellant,**

**v.**

**Bobbie Sue MIRACLE, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

Patterson & Berger, Pineville, R. W. Keenon, Lexington, for appellant.

Farmer Helton, Pineville, for appellee.

ROBERT M. COLMAN, Special Commissioner.

This is an appeal from a judgment of the Bell Circuit Court awarding appellee $3,000 for personal injuries in an automobile collision. The appellant was an employee of the Kentucky Division of Forestry, and in the course of his employment in a State vehicle at the time of the accident. He is sued as an individual and the State is not a party to the suit.

Two questions are presented in this appeal:

(1) May the plaintiff seek recovery against the defendant individually for his tort in the circuit court, or is she compelled to prosecute her claim against the agent of the State or the State before the Board of Claims under KRS 44.070?

(2) Was there sufficient evidence to warrant an instruction on, and to sustain the verdict of $1,000 for permanent injuries?

The appellee, accompanied by her sister, operating her husband's automobile, was following a pickup truck on Highway 119 about 1:00 p. m. on April 29, 1961. The truck in front of her stopped, and she slowed her car and brought it to a stop in the highway some thirty to fifty feet behind the truck. Almost immediately her car was struck from the rear by the State truck operated by appellant. The evidence as to the giving of signals and the presence of another car following appellant's truck is contradictory. There is a variance in the evidence as to distances. The question of the negligence of the parties is not raised on this appeal.

Appellee testified as to the nature, extent and effect of her injuries. According to the testimony of Dr. Baird, she suffered contusions and strain of the low back region and muscle and ligament strain involving the cervical spine and shoulder girdle on the right side. She was hospitalized from May 1 to 6 and followed closely as an outpatient. She also consulted Dr. Vinke of Cincinnati, Ohio, who placed her in a back brace and prescribed she sleep on a board. She was rehospitalized by Dr. Baird from January

28 to February 3 and placed in traction. Due to nerve involvement, she suffers pain and numbness in two fingers of her right hand, which interferes with her typing and secretarial work. She was examined by Dr. Imprescia of Middlesboro at appellant's request.

Only Dr. Baird testified in the case. Concerning the permanency of her injuries he said:

"I think some scarring has taken place as a result of the injury to the soft tissues in an amount sufficient to cause the symptoms she complains with at the present time. It would be hard to reach a percentage of disability, I can't say how much, and I can't say whether it will improve with time, which I hope it will, and I can't say it won't get worse. I actually don't think it will, but in every attempt to be fair, I would calculate after one year and a half one would expect her to have trouble in the future. I think very gradually she will improve with her back and eventually have no trouble as far as the back is concerned. I think her residual disability will be due to the other injuries.

"Q58. You attribute the residual disability to the cervical spine and right arm and shoulder?

"A. Yes, sir."

The jury found a verdict awarding the appellee "$1,000 Med., $1,000 Pain and Suf., $1,000 Disability," total $3,000.

This court said in Spillman v. Beauchamp, Ky., 362 S.W.2d 33:

"It seems to us that in order to impose personal liability there should be some element of personal fault on the part of the officer or agent, such as negligence or deliberate wrongdoing.

"The ordinary rule is that a public officer when acting in good faith within the scope of his authority is not per-sonally liable for damages sustained by a member of the public as a result of his action, *unless he acted negligently,* that is, failed to meet the standard of the ordinarily prudent man. 67 C.J.S. Officers § 125, pp. 417, 418; J. F. Schneider & Son v. Watt, Ky., 252 S.W.2d 898. In our opinion this is a proper rule, and if under a particular set of facts liability would not exist under this rule liability should not be imposed on the officer simply because the government cannot be made to pay. (Emphasis added.)

\* \* \* \* \* \*

"The appellees have argued that even if there exists a basis for personal liability on their part it can be enforced only by proceedings under the Board of Claims Act, KRS 44.070 to 44.160, and not by action in the circuit court. However, we do not find in the Board of Claims Act any evidence of an intent that it should apply to claims against a state officer or agent individually."

■ We conclude that decision is dispositive of the question here. We are not persuaded to accept appellant's argument to retreat from the rule announced in the Spillman case, supra. Here, the liability is predicated upon the claimed *negligence* of the employee, hence, the rationale of Spillman v. Beauchamp controls.

■ The purpose of this statute was not to grant a cloak of immunity behind which all employees of the State could hide from their individual responsibility for their negligent acts, but to waive immunity by reason of sovereignty, and to facilitate simple processing of claims against the State. Cf. 43 Am.Jur., Public Officers, § 279.

■ The question of damages for personal injuries, and especially permanent injuries, perhaps above all others, presents to the court and juries a matter where each case must rest upon its particular set of facts. We have read carefully all the cases

cited in the briefs on this question. The testimony of the appellee and her physician in this case is that she has suffered a low back injury from which she will probably recover; that she suffered an injury to the cervical spine and shoulder, soft tissue scarring, and damage to the ulnar nerve, resulting in pain and numbness in two fingers of her right hand, which interferes with her secretarial work in typing and operating machines, which will persist. Considering the amount of the award, $1,000, and all the lay and medical testimony, we are of the opinion there was sufficient evidence to warrant the giving of the instruction complained of and to sustain the verdict.

We recommend that the judgment should be affirmed.

The opinion is approved by the court, and the judgment is affirmed.