**DIXIE TRANSPORT COMPANY, Inc.,**
**Appellant,**

v.

**Mrs. Walter W. (Evelyn) REED, Appellee.**

**Mrs. Walter W. (Evelyn) REED, Appellant,**

v.

**Homer GEHRING, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

As Modified on Denial of Rehearings

Feb. 12, 1965.

Viley O. Blackburn, Smith & Blackburn, Somerset, for Mrs. Walter W. (Evelyn) Reed.

C. Homer Neikirk, Fritz Krueger, Somerset, for Homer Gehring.

Boyd F. Taylor, Hamm, Taylor & Milby, London, for Dixie Transport Company, Inc.

WADDILL, Commissioner.

This action was commenced by Mrs. Walter Reed against Dixie Transport Company (hereinafter referred to as Dixie), Homer Gehring and other persons for injuries received when the cab of a truck in which she was riding overturned alongside a highway. The trial court sustained motions to dismiss the action as against all defendants except Dixie. Mrs. Reed appeals from the dismissal of the action as to Gehring, and Dixie appeals from a verdict

and judgment of $15,000 rendered against it.

On the morning of July 13, 1960, Gehring, an employee of the Kentucky Department of Highways, had stopped a state-owned truck on the east side of U.S. Highway 27 near Tateville, but with the truck obstructing three feet of the northbound traffic lane. While a co-worker was replacing a road sign, Gehring stood at the rear of the truck directing traffic. A car being driven south by Faye Simpson came to a stop in the southbound lane of the two-lane highway, 81 feet north of where Gehring had stopped. Gehring proceeded to signal a line of northbound traffic, including Dixie's truck, around his truck, thereby necessitating their crossing momentarily into the southbound lane. At the same time, a truck driven by Walter Reed, appellee's husband, and loaded with 28 tons of shelled corn came around a curve in the southbound lane.

According to the testimony of Mr. Reed he was traveling about 40 miles per hour and first saw the Simpson car blocking his lane of traffic when he was 50 to 75 feet from it. He was going to pass to the left of the Simpson car but at that time he saw the Dixie truck was pulling around Gehring's vehicle. Since both lanes were thereby effectively blocked and he was unable to stop in time to avoid hitting the Simpson car, Reed cut his truck to the right and drove onto the west shoulder of the highway. This testimony was corroborated by Mrs. Reed. The Reed truck continued a distance of at least 215 feet on the shoulder and then turned over at a point opposite the Gehring truck.

■ Dixie moved for a directed verdict at the close of the evidence and this was denied. Its motion for judgment n. o. v. was also overruled. On this appeal Dixie contends its driver was not guilty of any negligence and, if he was, such negligence was not a proximate cause of the accident. The efficient cause of the accident was not the presence of the Dixie truck but the fact that the Simpson car prevented Mr. Reed from using the southbound traffic lane. We realize that Mrs. Reed bases her claim for damages on the assertion that Mr. Reed could have safely maneuvered his truck to the left of the Simpson car and to the right of Gehring's truck had it not been for the presence of the Dixie truck alongside the Gehring truck. This theory is too speculative to support a finding of liability against Dixie. Furthermore the evidence conclusively shows that Dixie's driver used due care in the operation of his vehicle. Under our view of the case the trial court erred in failing to direct a verdict for Dixie.

■ Apparently the trial court dismissed the action against Gehring in the belief that, since he was an employee of the state and engaged in state business at the time of the accident, he was cloaked with sovereign immunity. However, we have held that a state employee is personally liable for damages resulting from his negligent acts. Slusher v. Miracle, Ky., 382 S.W.2d 867; Spillman v. Beauchamp, Ky., 362 S.W.2d 33.

■ When Gehring stopped his vehicle on the traveled portion of the highway he did so in violation of KRS 189.450. No signs were set out to warn motorists of the obstruction on the highway. In so stopping and in signaling northbound traffic around his truck, Gehring as a reasonable person should have anticipated that southbound traffic coming around the curve would be forced to stop and some vehicles would have insufficient space in which to stop. We conclude that Gehring acted negligently and that his negligence was a proximate cause of the accident. Bosshammer v. Lawton, Ky., 237 S.W.2d 520. The trial court erred in directing a verdict in his favor.

■■ We are reversing the judgment in favor of Gehring and the new trial shall be limited to the question of damages. CR 59.01; Carney v. Scott, Ky., 325 S.W.2d

343. ˙The question of what disposition shall be made of Gehring's cross-claim against Mr. Reed for indemnity is not before us, because the judgment, which was a partial one under CR 54.02, did not dispose of the cross-claim.

The judgment in favor of Mrs. Reed against Dixie Transport Company is reversed with directions to enter a new one sustaining its motion for judgment n. o. v. The judgment in favor of Homer Gehring is reversed with directions to grant Mrs. Reed a new trial against him.