**Trannie Alice ROOKS, Administratrix of the Estate of Arvin Rooks, Appellant,**

v.

**UNIVERSITY OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

Dec. 1, 1978.

Frank E. Haddad, Jr., James A. Grider, Louisville, for appellant.

Robert F. Matthews, John H. Stites, III, Greenebaum, Doll, Matthews & Boone, Louisville, for appellee.

Before GANT, HOWARD and HOWERTON, JJ.

GANT, Judge.

Appellant/plaintiff appeals from an order of summary judgment dismissing the University of Louisville as a defendant in her negligence suit. The dismissal was based on the position that as a "state institution" the University of Louisville was protected from the suit by sovereign immunity. The sole issue in this case revolves on the availability of such protection to the University of Louisville under Section 231 of the state constitution and KRS 44.070.

The University of Louisville is a "state institution" by virtue of KRS 164.810 and as such is sufficiently protected from civil negligence suits by the cloak of sovereign immunity. The harshness of this protection to an injured party is mitigated to a great extent by the existence of the Kentucky Board of Claims, created in KRS 44.-070. This statute allows an injured party to recover up to $50,000 for injuries he may have sustained at the hands of a negligent state agency or state employee. Such recovery is the state's recognition of the harshness of the sovereign immunity doctrine and is an attempt to relieve some of the injury to the plaintiff while not jeopardizing important state goals. The Board is a limited waiver of the state's immunity from suit. It is the exclusive avenue of relief available to one injured by the "Commonwealth, any of its departments or agencies, or any of its officers, agents or employees while acting within the scope of their employment . . . " KRS 44.-070(1). It should also be noted that, under KRS 44.160, if such an action is taken with the Board of Claims and "prosecuted to award or judgment," the right of a claimant to sue the "Commonwealth, its departments or agencies, or its officers, agents or employees in any other forum," is precluded.

The second contention raised by the appellant concerns the state's ability to limit recovery of a party in this manner in view of certain Kentucky Constitutional requirements. These provide that the court shall be open to redress injuries done to every person (Section 14 of the Kentucky Constitution) and all laws contrary to the Bill of Rights shall be void (Section 26 of the Kentucky Constitution). To limit recovery to the Board of Claims, it is argued, limits the court's availability and so is void as unconstitutional.

The section of the Constitution which authorizes the set-up of the Board of Claims is Section 231. It is this section which delegates to the General Assembly the power to decide "in what manner and in what court suit may be brought against the Commonwealth." The apparent conflict in the terms of these constitutional sections has not gone unnoticed by parties who are confronted by dismissal of their negligence actions under the guise of sovereign immunity. In *Wood v. Board of Education of Danville*, Ky., 412 S.W.2d 877 (1967), the Supreme Court held:

> The doctrine of sovereign immunity had acceptance in our system of jurisprudence before the adoption of our first Constitution. It was then embodied therein, and it must be recognized that whatever may have been intended by Sections 2, 14 and 26 of the Kentucky Constitution . . it was not intended that those sections should in any way impinge on the right of the Commonwealth by its General Assembly under Section 231 to direct in what manner and in what court suit may be brought against it. *Id.* at 879.

It is a basic rule of construction that the Constitution be interpreted whenever possible so as to harmonize various provisions. The present case offers just such a construction opportunity, and so it would seem that sovereign immunity does not contradict other parts of the state Constitution.

The final contention that a suit against the University of Louisville is maintainable in Jefferson County Circuit Court evolves from the university's use of the language "to sue and be sued" found in the Kentucky Nonprofit Corporation Act [KRS 273.161 through 273.390 at Section 273.-171(2)]. This Act was utilized by the university when it amended its charter in 1970 on entering the state university system. Even without the charter amendment which the University of Louisville used, it would still have been subject to the phrase, as the Act includes in its coverage any " . . . nonstock, nonprofit corporation in existence on June 30, 1968 . . . " KRS 273.387(1), regardless of amendment. To argue that such language allows suit against the University of Louisville is, however, to contradict several previous court holdings explicitly denying such an interpretation. Both Section 231 of the Constitution and cases interpreting it have limited to the General Assembly the right to waive immunity. It is impossible for the university to waive its immunity by any act or word. Although it might be implied that by requiring the University of Louisville to be covered by the Nonprofit Corporation Act the Legislature wished the included language to constitute a perpetual waiver of immunity, this too has been refuted. The argument was rejected in *Wallace v. Laurel County Board of Education*, 287 Ky. 454, 153 S.W.2d 915 (1941), where the wording appeared in the legislative acts creating the Board of Education. The court there held that no such perpetual waiver of immunity was intended by the Legislature.

The dismissal of the action against the University of Louisville was properly granted due to the existence of the protection of sovereign immunity which insulates the state and all its agencies from nonconsensual civil suits. If a cause of action exists it must be filed with the Board of Claims, and by complying with KRS 413.270 appellant may so file without being barred by any statute of limitations. Neither the language of the Kentucky Constitution concerning access to the courts nor the charter amendment reciting the "to sue or be sued" language lifts this ban.

The judgment of the lower court is affirmed.

All concur.