**Jerry W. GUFFEY as Administrator of the Estate of Elizabeth Nadine Cheek Morton, Movant,**

v.

**Kathleen M. CANN and Kevin Kloubec, Respondents.**

**88–SC–000251–DG.**

Supreme Court of Kentucky.

Jan. 19, 1989.

As Modified on Denial of Rehearing April 6, 1989.

Jerry W. Guffey, Leitchfield, for movant.

J. Gregory Burton, Office of the Counsel, Cabinet for Human Resources, Frankfort, Paul M. Lewis, Lewis, Bland, Preston & Birdwhistell, Elizabethtown, for respondents.

STEPHENS, Chief Justice.

The issue we address on this appeal is whether KRS 44.070 [1] (the so-called Board of Claims Act) provides the *sole* remedy of a party for a negligence action against an employee of the Commonwealth of Kentucky while acting within the scope of his or her employment. Another way of stating the issue is whether the Board of Claims Act extends the doctrine of sovereign immunity to employees of the Commonwealth, sued in their individual capacities. The Court of Appeals answered the question(s) in the affirmative.

**1.** The focus of the Opinion will be on the statute in effect when the cause of action in this case accrued, which was *prior* to any amendments or additions made by the 1986 session of the Kentucky General Assembly.

**2.** ... The board of claims shall have *exclusive* jurisdiction to hear claims for damages, except as otherwise specifically set forth by stat-

Movant, plaintiff below, alleged that on March 5, 1986, the Leitchfield office of the Cabinet for Human Resources [hereinafter "CHR"] received a referral regarding possible neglect or abuse of plaintiff's decedent. Respondent Cann is the field supervisor for that office and she assigned the referral to respondent Kloubec for investigation. It was alleged that no investigation was made and that the subject died on March 7, 1986, supposedly as a result of either neglect or abuse. The theory of the suit is that the two CHR employees were negligent in failing to conduct an investigation as is required by statute and regulations. It is alleged in the Complaint that the respondents were acting in the scope of their employment with CHR. It is clear that they were sued *as individuals* and that recovery of damages was sought from them jointly and severally.

The trial court entered an Order dismissing the Complaint, for the reason that "this Court does not have jurisdiction." The Court of Appeals affirmed the trial court, citing KRS 44.070, and declaring that "it is well settled that the Board of Claims legislation is the sole remedy of a party for negligence against the Commonwealth or *an employee while acting within the scope of his or her employment.*" Slip op. at 2. The Court of Appeals also cited KRS 44.072 [2] stating that this new statute "clarified" the legislative intent of extending sovereign immunity to state employees, individually.

Because the Court of Appeals ignored several precedents of this Court, and because we do not believe KRS 44.070 can be so construed, we granted discretionary review.

It should come as no surprise that movant contends that KRS 44.070 should not be construed as extending sovereign immunity

ute, against the Commonwealth, its cabinets, departments, bureaus, agencies or any of its officers, agents or employes while acting within the scope of their employment by the Commonwealth, its cabinets, departments, bureaus or agencies.
KRS 44.072 (Michie/Bobbs Merrill 1986) (effective July 15, 1986) (emphasis added).

to employees who are sued in their individual capacities, while respondents agree with the Court of Appeals.

The Board of Claims is a statutory remedy created by the General Assembly to:

> ... investigate, hear proof, and to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its departments or agencies, or any of its officers, agents or employes while acting within the scope of their employment by the Commonwealth or any of its departments or agencies....

KRS 44.070.

We have regularly construed this statute as a limited waiver of sovereign immunity, pursuant to Ky. Const. § 231. *Department of Education v. Blevins*, Ky., 707 S.W.2d 782 (1986); *Commonwealth v. McCoun*, Ky., 313 S.W.2d 585 (1958). As noted, the Court of Appeals in effect extended that immunity by deciding that the Board of Claims Act was the sole remedy not only against the Commonwealth and its various agencies, but also against its employees, individually. We disagree and reverse.

In *Spillman v. Beauchamp*, Ky., 362 S.W.2d 33 (1962), an action was filed against the Commissioner of the Kentucky Department of Agriculture, three regular employees and two temporary employees of the Department. The factual basis of the suit was that the defendants had wrongfully killed a cow belonging to the plaintiff and had sworn out a warrant against the plaintiff for a nonexistent offense. The defendant employees argued that even if there existed a basis for personal liability against them, such claim could only be enforced by proceedings in the Board of Claims. We rejected this argument, simply stating:

> However, we do not find in the Board of Claims Act any evidence of an intent that

it should apply to claims against a state officer or agent individually.

*Id.* at 37.

Thus, *Spillman* held that the Board of Claims Act did not apply to employees sued in their individual capacities. Therefore the Act did not extinguish such claims and did not protect state employees from being sued.

This holding was followed in the case of *Slusher v. Miracle*, Ky., 382 S.W.2d 867 (1964). In *Slusher*, a state employee was sued individually for damages that occurred while he was driving a state vehicle in the course and scope of his employment. A jury awarded the plaintiff $3,000 in damages. The employee, on appeal, argued that the plaintiff's sole remedy was to prosecute his case in the Board of Claims. We declared that liability was predicated upon the negligence of the employee and *Spillman v. Beauchamp* was dispositive of the matter. We said (referring to the Board of Claims Act):

> The purpose of this statute was not to grant a cloak of immunity behind which all employees of the State could hide from their individual responsibility for their negligent acts, but to waive immunity by reason of sovereignty, and to facilitate simple processing of claims against the State.

*Slusher*, 382 S.W.2d at 869. In other words, the Board of Claims Act effected a limited waiver of sovereign immunity from liability chargeable against the resources of the Commonwealth. The Act did not abrogate the common law remedy of a negligence action against an individual, who coincidentally is a state employee.[3]

In the case *sub judice*, the Court of Appeals relied primarily on two of its previous decisions: *Rooks v. University of Louisville*, Ky.App., 574 S.W.2d 923 (1978) and *Cabinet for Human Resources v. S.R.J.*, Ky.App., 706 S.W.2d 431 (1986). In both cases, the suggestion that an action before the Board of Claims is the sole remedy for negligence by a state employee

---

**3.** *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Timmy S.* *v. Stumbo*, 537 F.Supp. 39 (E.D.Ky.1981).

was *obiter dictum* and was not necessary to the decision of either case. Moreover, although both *Rooks* and *S.R.J.* were decided after our decisions in *Spillman* and *Slusher*, neither mentioned those precedents. As we have stated, under the doctrine of *Spillman* and *Slusher*, the Board of Claims is not the sole remedy for a plaintiff who chooses to sue employees of the Commonwealth for negligence. The doctrine of sovereign immunity is not extended by KRS 44.070 to protect state employees, sued in their individual capacities. Therefore, to the extent that either *Rooks v. University of Louisville* or *Cabinet for Human Resources v. S.R.J.* is in conflict with our decision in this case, it is overruled.

One further matter needs to be mentioned. In its opinion, the Court of Appeals bolstered its decision by citing KRS 44.072, which seems to extend sovereign immunity to state employees sued in their individual capacities. As we have noted, that statute became effective on July 15, 1986, after the incident in the case. Under elementary principles of law, that statute cannot be considered in the decision of this case. We leave that statute, its interpretation and its constitutionality, to another day.

All concur.