## FAWBUSH v. LOUISVILLE & JEFFERSON COUNTY METROPOLITAN SEWER DIST.

Court of Appeals of Kentucky.

June 12, 1951.

Hottell, Stephenson & Allen, Louisville, for appellant.

Blakey Helm, Louisville, for appellee.

WADDILL, Commissioner.

The question presented for decision is whether appellee, Louisville and Jefferson County Metropolitan Sewer District (hereinafter referred to as the Sewer District) is liable for torts committed by its servants, while acting within the scope of their employment.

The appellant, Vernon Fawbush, was sitting in a parked automobile on his property. An employee of the appellee was operating a truck belonging to it in which a crane was being transported. The boom of the crane came into contact with telephone wires over the street, causing a wooden support on a house to which the wires were attached to be jerked loose, striking appellant. He was seriously injured.

Appellant filed suit seeking damages on account of his injuries. The court sustained the demurrer of appellee to the petition. Appellant, having declined to plead further, judgment was entered dismissing his petition.

The Sewer District is an independent public corporation; it is autonomous and economically self sustaining. It was created under an enabling Act. Acts of 1946, Ch. 104, now Chapter 76, Kentucky Revised Statutes. The statute was held constitutional in Veail v. Louisville & Jefferson County Metropolitan Sewer District, 303 Ky. 248, 197 S.W.2d 413. By virtue of the statute and the action of proper city and county authorities, there was transferred to the Sewer District the "complete jurisdiction, control, possession, and supervision" of all the existing sewer and drainage facilities of Louisville, located within and without its boundary. The Sewer District supplanted the function of the "Commissioners of Sewerage" of Louisville, created by a 1906 Statute. It appears that from 1906 to 1940, the "Commissioners of Sewerage" constructed the sewerage system and the City of Louisville maintained the sewers. From 1940 to 1947 the City of Louisville performed all the sewer work. Since July, 1947, the entire sewer work in Louisville has been done by appellee.

The question of the liability of the "Commissioners of Sewerage," for the negligence of its servants, under the 1906 Statute, was before this tribunal in several cases. It was held that the sewerage commission was performing a governmental function and for that reason it was not liable. Smith's Adm'r v. Commissioners of Sewerage of Louisville, 146 Ky. 562, 143 S.W. 3, 38 L.R.A., N.S., 151; T. B. Jones & Co. v. Ferro Concrete Const. Co., 154 Ky. 47, 156 S.W. 1060; City of Louisville v. Frank's Guardian, 154 Ky. 254, 157 S.W. 24; Johnson's Adm'r v. Commissioners of Sewerage of Louisville, 160 Ky. 356, 169 S.W. 827.

The first section of the 1946 Act, KRS 76.010, provides that the Sewer District is being established in the interest of public health and for the purpose of providing adequate sewer and drainage facilities.

Section 19 of the Act, KRS 76.210, under the section title, tax exemptions, reads as follows: "It is hereby found and declared that the creation of the district and the carrying out of its corporate purposes is in all respects in the interest of the public health and is a public purpose; that the

district is performing a governmental function in the exercise of the powers conferred upon it by this chapter and it shall be required to pay no taxes or assessments upon any property owned or acquired by it, under its jurisdiction, control, possession, or supervision, or upon its activities in the operation and maintenance of its facilities. * *"

Appellant argues that the title to this section of the statute restricts its application to the Sewer District's exemption from taxation for property owned by it and bonds issued.

We cannot agree with that construction of the Act.

KRS 446.140, reads: "Title heads, chapter heads, section and subsection heads or titles, and explanatory notes and cross references, in the Kentucky Revised Statutes, do not constitute any part of the law."

■ It is therefore apparent that the limitation sought to be invoked by appellant cannot be sustained.

■ The purpose of the statute is made plain by its terms. The granting of such authority to an agency of the state, is for the protection and preservation of public health.

In Nourse v. City of Russellville, 257 Ky. 525, 78 S.W.2d 761, it was held that a city, by ordinance, could condemn as a nuisance surface toilets, and require that sewerage be drained into the municipal sewerage system; that not only is there statutory authority and police power delegated to the municipality by the state, but a power to protect the public health by the establishment by a system of sanitary sewers; that such an enterprise is a governmental function. Also see, Francis v. City of Bowling Green, 259 Ky. 525, 82 S.W.2d 804.

■ The general rule as to the tort liability of quasi-municipal corporations is stated by McQuillin, Municipal Corporations, Third Edition, Volume 18, Section 53.05, page 142.

"* * * there is a distinction between municipal corporations proper and quasi-municipal corporations concerning liability for torts, and that the general rule is that the latter are not liable for torts unless so provided by statute. Although the authorities are by no means uniform, the rule has

been applied to a wide variety of governmental and political organizations, including drainage districts, utility districts, improvement districts, townships, and, of course, counties. * * *

"The immunity from liability of quasi-public corporations is generally placed upon the ground of their involuntary and public character. They are usually treated as public or state agencies, and their duties are ordinarily wholly governmental. They exercise the greater part of their functions as agencies of the state merely, and are created for purposes of public policy, and hence the general rule that they are not responsible for the neglect of duties enjoined on them, unless the action is given by statute."

■ Having determined that the object of the statute is for the preservation and promotion of public health, we have decided that appellant cannot maintain the action against appellee. His injury occurred as a result of an act done by an agency of the state in the performance of a duty which it owes to the public, the execution of which was but the exercise of a power purely governmental. Louisville & Jefferson County Met. Sewer Dist. v. Town of Strathmoor Village, 307 Ky. 343, 211 S.W.2d 127.

The court properly sustained the demurrer to the petition.

Judgment affirmed.