John H. STEPHENSON, Appellant,

v.

LOUISVILLE AND JEFFERSON COUNTY BOARD OF HEALTH et al., Appellees.

Court of Appeals of Kentucky.

March 26, 1965.

S. Rush Nicholson, James A. Hubbs, Nicholson & Hubbs, Louisville, for appellant.

Henry V. B. Denzer, Louisville, for appellees.

CLAY, Commissioner.

This is an action for negligence brought against the Louisville and Jefferson County Board of Health and the Louisville General Hospital. Appellant alleges he suffered personal injuries while undergoing treatment in the hospital as a paying patient. The trial court dismissed the complaint on the ground the defendants were not suable for this tort.

The trial judge followed the law then prevailing with respect to governmental immunity. It has since been significantly changed (which effectively renders the parties' appeal briefs obsolete on this point). In Haney v. City of Lexington, Ky., 386 S.W.2d 738 (decided May 22, 1964), and Burton v. Somerset City Hospital, Ky., 388 S.W.2d 134 (decided March 12, 1965), we repudiated the doctrine of governmental immunity as it applied to municipal corporations. We had theretofore in Mullikin v. Jewish Hospital Ass'n of Louisville, Ky., 348 S.W.2d 930, abandoned the immunity doctrine as it applied to charitable institutions.

The Louisville and Jefferson County Board of Health was created by KRS 212.350. It was designated "a body politic and corporate", with power to "sue and be sued". The property theretofore belonging to the City of Louisville and Jefferson County, used for health purposes (which includes the Louisville General Hospital), was transferred to the Board. KRS 212.360.

It seems clear that the Board of Health is a municipal corporation. 37 Am. Jur., Municipal Corporations, Section 3 (page 618). In this respect it is in the same category as the Louisville and Jefferson County Metropolitan Sewer District and the Louisville and Jefferson County Air Board. See Rash v. Louisville & Jefferson County Met. S. Dist., 309 Ky. 442, 217 S.W.2d 232; Johnson v. City of Louisville, Ky., 261 S.W. 2d 429; Louisville & Jefferson County Air Board v. American Airlines, Inc., D.C., 160 F.Supp. 771 (reversed on other grounds, 6 Cir., 269 F.2d 811). Since it is such a governmental unit, it falls squarely under the decision in Haney v. City of Lexington, Ky., 386 S.W.2d 738 (decided May 22, 1964), and consequently cannot claim governmental immunity.

Appellees contend that KRS 67.186 establishes the immunity of a county or county operated hospital. The simple answer to this argument is that this suit is not against a county or a county operated hospital.[1] (We do not have before us the question of whether the "Louisville General Hospital" is a legal entity which is subject to suit, regardless of the question of immunity.)

The doctrine of state immunity from suit, decided in Foley Construction Co. v. Ward, Ky., 375 S.W.2d 392, for obvious reasons does not apply. See Gnau v. Louisville & Jefferson County Metropolitan Sewer District, Ky., 346 S.W.2d 754.

The judgment is reversed for further proceedings consistent with this opinion.

STEWART and MONTGOMERY, JJ., dissenting.

---

1. There is serious question that this statute does (if it constitutionally could) *create* county immunity.