Floyd JONES, Appellant,

v.

BOARD OF EDUCATION OF DAVIESS COUNTY, Kentucky, Appellee.

Court of Appeals of Kentucky.

May 28, 1971.

Rehearing Denied Oct. 15, 1971.

William L. Wiesman, Owensboro, for appellant.

Morton Holbrook, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellee.

STEINFELD, Judge.

Floyd Jones, appellant, attempted to register his children in the Philpot Elementary School but they were rejected because the school district lines had been altered and they no longer lived in that district. When the children were not enrolled in the proper school the Daviess County School Board, appellee, instituted an action against Jones in juvenile court pursuant to KRS 159.010 for his failure to enter his children in school. Finding him guilty, that court sentenced Jones to confinement in the Daviess County jail for thirty days. Promptly Jones filed a petition for writ of habeas corpus and was released. Jones then filed a damage suit against the school board alleging that its action against him in the juvenile court was illegal, the results of which were his arrest, incarceration and humiliation. The suit was dismissed on the ground of sovereign immunity. We affirm.

Conceding that the sovereign immunity rule has not been abrogated as to boards of education appellant urges us to apply the same rule now applicable to municipal corporations. See City of Lexington v. Yank, Ky., 431 S.W.2d 892 (1968); City of Louisville v. Louisville Seed Company, Ky., 433 S.W.2d 638 (1968) and Haney v. City of Lexington, Ky., 386 S.W.2d 738, 10 A.L.R.3d 1362 (1964). Sovereign immunity of school boards for tort was reviewed in Copley v. Board of Education of Hopkins County, Ky., 466 S.W.2d 952 (1971), where we said:

"The appellants urge the court to renounce the doctrine of sovereign immunity as to school boards, citing the decisions of several other jurisdictions which have done so. Appellants concede that the decision in Cullinan v. Jefferson County, Ky., 418 S.W.2d 407, required the trial court's decision as related to the Board of Education of Hopkins County, but entreat the court to overrule that case and abandon the doctrine of sovereign immunity as to school boards.

A majority of the court, as presently constituted, is not persuaded that the rule announced in Cullinan should be abrogated. The trial court correctly dismissed the complaint to the extent that recovery was sought against the Board of Education of Hopkins County."

Our view has not changed.

The judgment is affirmed.

All concur.