John E. CARTER, Appellant,

v.

Fred PFANNENSCHMIDT, Jr. and Jefferson County Board of Education, Appellees.

Court of Appeals of Kentucky.

June 4, 1971.

telephone conversation with a third person, stated that "John E. Carter had the vilest mouth of anyone he had ever heard and he had lost all respect for him." It is also alleged that Pfannenschmidt said "another minister had told him that Reverend Carter was controversial and that Reverend Carter delighted in using this kind of language in meetings across the county and had used it to shock people." Carter also alleged that Pfannenschmidt repeated the substance of these statements at a meeting attended by the Superintendent of Jefferson County schools, members of the administrative staff of the Jefferson County Board of Education and other persons.

■ Appellant's action is for slander. Generally, a joint action may not be maintained against two or more persons for slander except where a common agreement or conspiracy is charged. See 53 C.J.S. Libel and Slander § 159, p. 243.

John H. Sage, Louisville, for appellant.

E. Preston Young, Louisville, for appellees.

REED, Judge.

The trial judge dismissed appellant John E. Carter's action for slander against the appellee, Jefferson County Board of Education. The basis of the ruling was that the Board of Education was not liable by reason of the sovereign immunity rule. The appellant asserts error on the ground that KRS 411.060 removed the defense of sovereign immunity for school boards in the case of commission of a willful and malicious tort. We find it apparent that the statute does not even remotely affect the legal status of school boards in tort actions. We affirm the judgment of the trial court.

John E. Carter sued Fred Pfannenschmidt, chairman of the Jefferson County Board of Education, for slander. He also sued the Jefferson County Board of Education in the same action. According to Carter's complaint, Pfannenschmidt, in a

Since there are no allegations in the complaint that slander was individually uttered by the Board of Education and no allegation of any agreement or conspiracy between Pfannenschmidt and the Board, it would appear that the Board's liability, if any, is vicarious, founded upon the principles of agency. See Anno: Slander—Joint Liability, 26 A.L.R.2d 1032.

■ Both slander and libel are torts commonly classified under the general category of defamation. Appellant argues that slander should constitute an exception from the grant of governmental immunity from suit. We have recently reaffirmed the applicability of the doctrine of sovereign immunity to an action against a county board of education for the alleged commission of a tort involving intentional conduct in the case of Floyd Jones v. Board of Education of Daviess County, Kentucky, Ky., (decided May 28, 1971). If the doctrine of sovereign immunity applies in torts involving intentional conduct as we have recently held, then it must apply in actions asserting tort claims for defamation.

Appellant also argues that the legislature by the enactment of KRS 411.060 waived the rule of sovereign immunity in cases of school boards where an action for slander is asserted. In the first place, this statute applies to actions for libel and not to actions for slander. In the second place, and more importantly, the statute expressly extends a privilege to publishers of the proceedings of public bodies specifically named therein, but undertakes to except from the privilege publications of such proceedings when "maliciously" made. We do not find any expression in the statute that would remotely suggest the imposition of liability upon a public body specified therein for slanderous words uttered by an employee or officer of the body. Hence, the doctrine of sovereign immunity in this instance remains unaffected.

It should be noted that our holding is confined to the issue presented: the scope of immunity from suit possessed by a school board as a governmental entity. No question of individual liability is before us.

The judgment is affirmed.

All concur.