CALVERT INVESTMENTS, INC., Appellant,

v.

LOUISVILLE & JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT, and its following Board Members, Gerald Neal, Sandy Metts, Walter Fuelling, Phillip J. Anderson, Charles Martin, Charles Schnell, Tim Firkins, Marvin Kessinger, Gordon R. Garner; Louisville & Jefferson County Board of Health, and its Director of Division of Environmental Health, Clark Bledsoe; Commonwealth of Kentucky Natural Resources and Environmental Protection Cabinet and its Secretary, Appellants.

LOUISVILLE & JEFFERSON COUNTY BOARD OF HEALTH and The Director of Environmental Health, Clark Bledsoe, Appellants,

v.

CALVERT INVESTMENTS, INC.; Louisville & Jefferson County Metropolitan Sewer District, Gerald Neal, Sandy Metts, Phillip J. Anderson, Walter Fuelling, Charles Martin, Charles Schnell, Tim Firkins, Marvin Kessinger, Gordon R. Garner, and Natural Resources & Environmental Protection Cabinet, Appellees.

Nos. 90–SC–191–DG, 90–SC–198–DG.

Supreme Court of Kentucky.

March 14, 1991.

Glenn A. Cohen, Borowitz & Goldsmith, Louisville, for Calvert Investments.

Fred M. Goldberg, Edward L. Schoenbaechler, Goldberg & Simpson, P.S.C., Louisville, for Board of Health and Bledsoe.

Michael W. Lowe, Frank Gates Simpson, III, Laurence J. Zielke, Pedley, Ross, Zielke, Gordinier & Porter, Louisville, for Sewer Dist. and its Bd.

Dennis J. Conniff, Dept. of Law, Frankfort, for Natural Resources.

LEIBSON, Justice.

From 1967 to 1985 Calvert Investments, Inc., ("Calvert") owned and operated a private sanitary sewage treatment facility known as the Minor Lane Heights Sewage Treatment Facility. In 1983, Calvert reached an agreement with the City of Minor Lane Heights ("City") for the sale of this facility. Calvert alleges that ultimately the City refused to make this purchase, and thereafter the Commonwealth of Kentucky's Natural Resources and Environmental Protection Cabinet would not renew Calvert's operating permit.

Calvert sued the City for breach of contract. Calvert's suit also named: (1) Louisville & Jefferson County Metropolitan Sewer District ("MSD") and its Board Members, (2) Louisville & Jefferson County Board of Health ("Board of Health") and its Director of the Division of Environmental Health, and (3) Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet ("NREPC") and its Secretary, alleging these three governmental agencies tortiously conspired to deprive Calvert of its business interests and tortiously interfered with Calvert's contract with the City.

The trial court dismissed the claims against MSD, the Board of Health, and NREPC, and the officers of these agencies named in the Complaint, on grounds of sovereign immunity. The Kentucky Court of Appeals:

1) Affirmed as to NREPC which Calvert concedes is an agency of state government (contending simply that state sovereign im-

munity does not extend to intentional torts);

2) Affirmed as to MSD citing as controlling authority *Louisville & Jefferson Co. Metro. Sewer Dist. v. Simpson*, Ky., 730 S.W.2d 939 (1987), *cert. denied* 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 393 (1987); and

3) Reversed as to the Board of Health citing as controlling authority *Stephenson v. Louisville & Jefferson Co. Bd. of Health*, Ky., 389 S.W.2d 637 (1965).

Thus, the Court of Appeals has held that MSD enjoys the protection of state sovereign immunity in this case, but the Board of Health is subject to municipal liability.

Both sides to this controversy, as did the Court of Appeals, recognize that MSD and the Board of Health are public corporations substantially identical in character insofar as classifying them for purposes of sovereign immunity versus municipal liability, and that *MSD v. Simpson* and *Stephenson v. Board of Health* are conflicting authority. The Court of Appeals decided as it did, and properly so, on the premise it is "an intermediate appellate court ... bound to follow" Supreme Court decisions even though the holdings are "conflicting" and the conflict is unresolved. Both sides sought discretionary review where the Court of Appeals' decision was adverse to them. We have accepted discretionary review primarily to resolve this conflict.

MSD and the Board of Health are special districts established and structured by statutes enacted by the General Assembly to carry out a limited public purpose in a local area. The question is whether their tortious acts, if proved, partake of constitutionally protected state sovereign immunity or should be classified as the activities of a municipal corporation. Common law tort immunity was repudiated for municipal corporations, whether the activity is governmental or proprietary in nature, in *Haney v. City of Lexington*, Ky., 386 S.W.2d 738 (1965), a principle reaffirmed in *Gas Service Co., Inc. v. City of London*, Ky., 687 S.W.2d 144 (1985).

*Stephenson v. Louisville & Jefferson Co. Bd. of Health, supra*, following close on the heels of *Haney*, was a negligence action for personal injuries suffered by a hospital patient. The trial court had dismissed the action against the Board of Health following "the law ... with respect to governmental immunity," as it existed before *Haney*. In *Stephenson v. Board of Health*, we state this law "has since been significantly changed" with the advent of *Haney* wherein "we repudiated the doctrine of governmental immunity as it applied to municipal corporations." *Stephenson*, 389 S.W.2d at 638. *Stephenson* then applied *Haney* as follows:

> "The Louisville and Jefferson County Board of Health was created by KRS 212.350. It was designated 'a body politic and corporate', with power to 'sue and be sued'. . . .
>
> . . . It seems clear that the Board of Health is a municipal corporation. 37 Am.Jur., Municipal Corporations, Section 3 (page 618). In this respect it is in the same category as the Louisville and Jefferson County Metropolitan Sewer District and the Louisville and Jefferson County Air Board. See *Rash v. Louisville & Jefferson County Met. S. Dist.*, 309 Ky. 442, 217 S.W.2d 232; [etc.]. . . . Since it is such a governmental unit, it falls squarely under the decision in *Haney v. City of Lexington*, Ky., 386 S.W.2d 738 (decided May 22, 1964), and consequently cannot claim governmental immunity.
>
> . . . .
>
> The doctrine of state immunity from suit, decided in *Foley Construction Co. v. Ward*, Ky., 375 S.W.2d 392, for obvious reasons does not apply. See *Gnau v. Louisville & Jefferson County Metropolitan Sewer District*, Ky., 346 S.W.2d 754." *Id.* at 638.

Twenty-two years later in *MSD v. Simpson, supra*, a narrow majority of this Court, without citing *Stephenson* or overruling its holding, reached the opposite result. Three separate Dissenting Opinions called attention to this anomaly.

In addition to *Stephenson v. Board of Health*, quoted above, and also within a

year of the *Haney* case, our Court decided *Louisville & Jefferson Co. Metropolitan Sewer District v. Kirk*, Ky., 390 S.W.2d 182 (1965). Kirk alleged damage to his residence caused by MSD's negligence in failing to properly maintain the sewer beneath his home, in breach of its easement contract. The trial court dismissed based on sovereign immunity, and our Court reversed. Kirk's Complaint stated theories of liability sounding in both tort and contract, but this makes no difference because "[s]overeign immunity applied to breach of contract cases on the same footing as tort cases until the 1966 Act waiving its application." *Kentucky Center for the Arts v. Berns*, Ky., 801 S.W.2d 327, 330 (1990), citing *Cullinan v. Jefferson County, Ky.*, 418 S.W.2d 407 (1967).

*Rash v. Louisville & Jefferson County Met. S. Dist.*, 309 Ky. 442, 217 S.W.2d 232 (1949), quoted from in the *Stephenson* case, as stated above, is the landmark case examining the constitutional basis for the General Assembly to establish this type of governmental agency, a Sewer District or a Board of Health. The status of such agencies is defined in *Rash* as "*distinct municipal corporations.*" (Emphasis added.) *Id.*, 217 S.W.2d at 236. We explain:

"This act deals with distinct municipal corporations. When the Metropolitan Sewer District was established under the enabling statute, Chapter 76, Kentucky Revised Statutes, it became an independent body politic charged with administration of designated affairs. It was created by the sovereign power of the state as 'a public body corporate, and political subdivision'. KRS 76.010. The statute constitutes its charter.... The Constitution in several sections recognizes the existence, present and future, of a municipal corporation other than a county, city, town or taxing district. Sections 157, 158, 159, 161, 164, 165, 180, 181. The Metropolitan District is a separate entity acting for its own purposes and possessing defined, though limited, powers of a municipal community. It meets the conventional descriptions or definitions of a 'municipality.'" *Id.*, 217 S.W.2d at 236.

Thus, these three cases, the *Rash* case defining MSD as a municipal corporation, the *Kirk* case specifying that "the doctrine of immunity ... was abolished in Kentucky, insofar as it attaches to a public agency such as appellant (MSD)," and the *Stephenson* case holding "[t]he doctrine of state immunity from suit ... does not apply" to such entities, would foreclose any further claim of immunity in present circumstances as frivolous but for the *MSD v. Simpson* decision. The rationale of *MSD v. Simpson* is that the liability of a municipal corporation extends only to a city and "whatever the District may be, it is not a city." *Id.* at 940. This statement extends the cloak of sovereign immunity to every public corporation that is not a city without regard to whether it is an arm of state government. Its holding is in conflict with prior cases, cited above, which should have been controlling. In our most recent case on this subject, *Kentucky Center for the Arts Corp. v. Berns, supra*, we state:

"Municipal corporations are local entities created by act of the General Assembly and not agencies performing the services of central state government. As such they do not qualify for sovereign immunity. The term 'municipal corporation' is not limited to a city, and it is not only a city that 'is no longer immune from suit for tort liability' although there is language in *Louisville Metro. Sewer District v. Simpson*, (730 S.W.2d at 940) that might be construed to suggest otherwise. On the contrary, as stated in *Rash v. Louisville & Jefferson County Metro. S. Dist.*, 309 Ky. 442, 217 S.W.2d 232, 236 (1949), a 'municipal corporation' means nothing more than a local government entity created by the state to carry out 'designated' functions.... [801 S.W.2d at 331–32].

The line between what is a state agency and what is a municipal corporation is not divided by whether the entity created by state statute is or is not a city, but whether, when viewed as a whole, the entity is carrying out a function integral to state government.... *[S]overeign immunity should extend only to 'de-*

*partments, boards or agencies that are such integral parts of state government as to come within regular patterns of administrative organization and structure.'* Kentucky Center for the Arts Corporation does not qualify for sovereign immunity *under this concept."* (801 S.W.2d at 332) (emphasis added).

Likewise, "under this concept" neither the Louisville & Jefferson County Metropolitan Sewer District nor the Louisville & Jefferson County Board of Health qualify for sovereign immunity.

■ The Majority Opinion in *MSD v. Simpson* erred when it cited *Gnau v. Louisville & Jefferson Co. Metro. Sewer Dist.,* Ky., 346 S.W.2d 754 (1961) as holding "the District was an agency of the State" with the immunity of the Commonwealth. The language in *Gnau* used to reach this conclusion was taken out of context. *Gnau* holds only that MSD did not qualify as "a State agency as that term is employed in KRS 44.070 (the Board of Claims Act)." The *reason* stated in *Gnau* for reaching this decision was critical:

> "[T]he waiver of immunity [in the Board of Claims Act] attaches only to those agencies which are are under the direction and control of the central State government and are supported by monies which are disbursed by authority of the Commissioner of Finance out of the State treasury." *Id.* at 755.

*Kentucky Center for the Arts Corp. v. Berns, supra,* explains:

> "[T]he fundamental premise stated in *Gnau* expresses both the reach of state sovereign immunity and the waiver of that immunity in the Board of Claims Act. It is:
>
>> '... only to those agencies which are under the direction and control of the central State government *and* are supported by monies which are disbursed by authority of the Commissioner of Finance out of the State treasury.' [Emphasis added.] *Supra.*

This is a two-pronged test, the first consisting of the 'direction and control of the central State government,' and the second consisting of being 'supported by monies which are disbursed by authority of the Commissioner of Finance out of the State treasury.'" (801 S.W.2d at 331).

Neither MSD nor the Board of Health meets the "two-pronged test" stated in *Gnau* and in *Ky. Center for the Arts. MSD v. Simpson* is overruled.

The mainstream of American jurisprudence is represented by the *Restatement, Second, Torts,* §§ 895B and 895C, which defines tort liability for municipal corporations in terms of "local government entities," to include the modern day development of "specially formed local governmental subdivisions such as school, drainage or irrigation districts." The term municipal corporation was at first only applied to "cities, towns and villages," but in the context of our discussion this is a matter of historical interest only and not of legal consequences. These were the first local public corporations created by the sovereign state; the use of public corporations to perform special functions at the local level is of relatively recent origin. Cities perform a broader range of functions than local entities created by the state for special purposes, but they are similar in that they function as independent corporations within the range of their statutory authority and have only such powers as the legislature permits. The *Restatement* uses the more comprehensive term, "local government entity," to include both in describing the reach of municipal liability today. *Restatement, Second, Torts,* § 895C. According to *Rash v. MSD,* as quoted earlier in this Opinion, it would be unconstitutional to create local districts of this nature but for the fact they qualify under portions of our Constitution authorizing municipal corporations.

The distinction we have made in Kentucky cases between municipal corporations and counties, and municipal corporations and school districts, is recognized and commented on in *Restatement, Second, Torts,* § 895C, Comment a, as follows:

> "Under the governmental structure of some States, however, certain types of geographic subdivisions, such as counties

and school districts, have been held to be entitled to any broader immunity (either from suit or from tort liability) that has been retained by the State itself, rather than being subjected to the type of liability that is applicable to cities and towns.... The classification is a matter of governmental structure and statutory language for the particular state,...."

Thus, while we in Kentucky have treated tort liability for school districts and counties differently from other local entities, this difference may be explained by their particular status. School districts were created by the General Assembly and exist only as a means for the state to carry out the General Assembly's constitutional duty to "provide for an efficient system of common schools throughout the state." *See* Kentucky Constitution § 186; *Rose v. Council for Better Education*, Ky., 790 S.W.2d 186 (1989). Counties are unincorporated political subdivisions of the state, preexisting its formation, whose existence is provided for constitutionally in §§ 63, 64 and 65 of the Kentucky Constitution. Both MSD and the Board of Health classify as municipal corporations liable for their torts without disturbing precedent extending state sovereign immunity to counties and school districts as represented by *Cullinan v. Jefferson Co., supra*. On the other hand, it is logically indefensible to deny the reach of the *Rash, Stephenson* and *Kirk* cases to cover MSD.

In the well-known words of former Chief Justice John Palmore, "sovereign immunity should be limited strictly to what the Constitution demands, for the simple reason that in a civilized society it is morally indefensible." Palmore, J., in dissent, *Cullinan v. Jefferson Co., supra*, 418 S.W.2d 411. *Prosser and Keaton on Torts*, 5th Ed. (1984), states:

> "The most striking feature of the tort law of governmental entities today is that the immunities, once almost total, have been largely abolished or severely restricted at almost all levels, often through a complex process in which scholars and commentators, judges and legislators all played an important role."
> *Id.* at 1055.

Except for an occasional lapse, our Kentucky Supreme Court has marched along this enlightened path from *Haney v. City of Lexington* in 1964 to *Ky. Center for the Arts v. Berns* in 1990. We have progressed to the point where, as duty requires, we defer to the sovereign immunity of the central state government mandated by §§ 230 and 231 of the Constitution, but we reject extending sovereign immunity beyond "what the Constitution demands." Palmore, J., as quoted *supra*. The concept that the government can do no wrong or that the government cannot afford to compensate those whom it wrongs in circumstances where a private entity would be required to pay is unacceptable in a just society.

> "It is as much the duty of Government to render prompt justice against itself in favor of citizens as it is to administer the same between private individuals." Abraham Lincoln, December 3, 1861, First Annual State of The Union Message, as quoted by Justice Palmore at 418 S.W.2d 411.

Both MSD and the Board of Health, when performing services similar to a private corporation, should be liable for their torts. Indeed, the Complaint alleges the torts committed by the MSD and the Board of Health were done in competing for Calvert's business.

One of the arguments made by the appellees, which we do not address, is whether some or all of the misconduct alleged should be classified *not* as tortious activity but exercise of the decision-making functions unique to government. We have just considered a similar argument at length in *Bolden, Admx., etc., et al. v. City of Covington*, Ky., 803 S.W.2d 577 (to be rendered 2/14/91). The trial court decided the present case on summary judgment. The facts demonstrating the specific nature of the misconduct alleged against MSD and the Board of Health in this case are not yet developed sufficiently to make a judgment about this issue at this stage. If the actions taken by the officials and employees of these public corporations fit the elements of civil conspiracy and interference

with vested property rights as defined in tort law, liability obtains. Tortious conduct is not excused because it furthers the interest of public agencies. But we cannot review the nature or the quality of the acts involved until the proof is in. Further, it is premature to decide these questions before the trial court has decided them in the first instance, and at the appropriate time.

■ The appeal against the Natural Resources Environmental Protection Cabinet, which all parties agree is an arm of state government constitutionally protected by sovereign immunity, centers on Calvert's claim that sovereign immunity protection does not apply to intentional torts. The Court of Appeals refused to draw a distinction between intentional tortious conduct and unintentional tortious conduct, relying upon *Carter v. Pfannenschmidt*, Ky., 467 S.W.2d 777 (1971). *Carter* involved a claim of defamation which our Court held fell within "the applicability of the doctrine of sovereign immunity." 467 S.W.2d at 778. NREPC cites, as well, *Jones v. Board of Education of Daviess County*, Ky., 470 S.W.2d 829 (1971) and *Comm. Dept. of Highways v. Davidson*, Ky., 383 S.W.2d 346 (1964), both of which involved intentional torts, and both of which held the charged misconduct fell within the protection of sovereign immunity. As we have said earlier in this Opinion, our decision that the state is not liable for the torts of its agents is not a matter of choice, but of constitutional mandate for public agencies that qualify for state sovereign immunity under the Kentucky Constitution, §§ 230 and 231. In establishing the sovereign immunity principle, these two sections of the Kentucky Constitution make no distinction between intentional and unintentional torts. Therefore we are not free to make any such distinction. A wrong is a wrong, whether intentionally or negligently committed, but unless our Constitution is changed the sovereign state cannot be held liable in a court of law for either intentional or unintentional torts committed by its agents.

Next we consider the personal liability of various public officials named in the Complaint. These include the Board Members of the Metropolitan Sewer District, Clark Bledsoe, who is identified in the heading to the Complaint as Director of Division of Environmental Health at Louisville and Jefferson County Board of Health, and Charlotte E. Baldwin, identified as Secretary of the Natural Resources and Environmental Protection Cabinet. We have faced the difficult problem of deciding whether a complaint alleges personal liability in two recent cases, *Morgan v. O'Neil*, Ky., 652 S.W.2d 83 (1983) and *Smith v. Isaacs*, Ky., 777 S.W.2d 912 (1989), which reach different results based upon what we perceive to be factual differences.

■ We quite agree with Calvert that the named individuals cannot avoid personal liability for tortious misconduct by cloaking themselves in sovereign immunity. *See Board of Trustees of Univ. of Kentucky v. Hayse*, Ky., 782 S.W.2d 609 (1990); *Gould v. O'Bannon*, Ky., 770 S.W.2d 220 (1989); *Guffey v. Cann*, Ky., 766 S.W.2d 55 (1989). Nevertheless, the question is whether the Complaint does in fact state a basis for personal liability and seek damages in an individual capacity. We are persuaded by the failure to specify individual capacity in the heading, the lack of specificity in the body, and the failure to seek judgment against such individuals in the concluding demand, that the Complaint fails to state a separate cause of action for personal liability against any particular individual. The demand for judgment, in pertinent part is:

"2. Judgment in favor of Calvert against MSD, the Board of Health and the Cabinet ... ['for'] their civil conspiracy, and their tortious interference with contract.

3. Punitive damages in favor of Calvert against MSD, the Board of Health and the Cabinet, all in an amount as the evidence will sustain."

For the reasons stated, we reverse the decision of the Court of Appeals applying sovereign immunity to Louisville & Jefferson County Metropolitan Sewer District, and we affirm the Court of Appeals in all other respects. The within case is remanded to the trial court for further proceedings consistent with this Opinion.

COMBS, LAMBERT, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

STEPHENS, Chief Justice, dissenting.

I respectfully dissent. The Court of Appeals decision applying sovereign immunity to Louisville and Jefferson County Metropolitan Sewer District (MSD) should be affirmed and that court's decision denying sovereign immunity to the Board of Health should be reversed.

The majority opinion notes that all parties to this suit as well as the Court of Appeals "recognize that MSD and the Board of Health are public corporations" that are essentially the same as far as determining whether sovereign immunity applies. The Court of Appeals found that sovereign immunity protects one of the "public corporations," MSD; but does not protect the other "public corporation," the Board of Health. This Court had the duty of resolving this conflict.

The majority presents a lengthy explanation as to why sovereign immunity does not protect MSD nor the Board of Health. The critical aspect seems to be that these two entities are municipal corporations, thus not within the protected area of sovereign immunity.

The issue in this case is not whether the entities in issue are public corporations, that point is conceded. Rather, the issue is whether MSD and the Board of Health are quasi-municipal corporations, and thus protected by sovereign immunity.

It is correct that this Court retracted the doctrine of sovereign immunity as it applied to municipal corporations. *Haney v. City of Lexington,* Ky., 386 S.W.2d 738, 742 (1964), *reh'g denied,* (1965). In *Haney* we also noted, "[w]e wish to make it plain, however, that this opinion does not impose liability on the municipality in the exercise of legislative or judicial or quasi-legislative or quasi-judicial functions."

This Court found that MSD is a quasi-municipal corporation with the duty of protecting and preserving public health. *Faw-*

*bush v. Louisville and Jefferson Co. Metro. Sewer Dist.,* Ky., 240 S.W.2d 622, 624 (1951). "[T]he general rule has been that [quasi-municipal corporations] are not liable for torts. Thus for example, a metropolitan sewer district may be immune to tort liability as a political subdivision of the county, which is a political subdivision of the state." 18 McQuillan, *Municipal Corporations,* § 53.05 (3d ed. & Supp.1984). *See Louisville & Jefferson Co. Metro. Sewer Dist. v. Simpson,* Ky., 730 S.W.2d 939 (1987) cert. denied 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 393 (1987).

This Court found the Board of Health to be a municipal corporation and thus unable to claim governmental immunity in *Stephenson v. Louisville & Jefferson Co. Bd. of Health,* Ky., 389 S.W.2d 637, 638 (1965). *Stephenson* should be overruled. *Haney,* supra, which held that municipal corporations are no longer immune from liability as a general rule, was the basis of our opinion in *Stephenson.*

The *Stephenson* opinion stretched the *Haney* decision in holding that no municipal corporation can claim governmental immunity. The *Stephenson* opinion failed to note that immunity still exists for quasi-municipal corporations such as MSD and the Board of Health.

The majority cites several cases including *Rash v. Louisville & Jefferson Co. Metro. Sewer Dist.,* 309 Ky. 442, 217 S.W.2d 232 (1949), for the proposition that MSD is a municipal corporation. The only case, however, that presents a true conflict is *Stephenson* which should be overruled. Neither *Rash* nor *Haney* speak to whether sovereign immunity would be applied to MSD or the Board of Health. These cases simply define "municipal corporation." Since MSD and the Board of Health are quasi-municipal corporations, sovereign immunity protects these entities from liability.

I would overrule *Stephenson* and hold MSD and the Board of Health immune from liability.