RENDERED: SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0058-MR

MICHAEL D. JOHNSON                                APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 19-CI-001116


ULYSSES GOBER AND VERNON
WILLIAMS[1]                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE: In this appeal, Michael D. Johnson, Jr., challenges the

summary judgment of the Jefferson Circuit Court entered in favor of Ulysses

Gober and Vernon Williams, who were employed by the Jefferson County Public

Schools as security monitors. After our review, we affirm.

---

[1] The court documents attached to the record indicate "Ullysses" and "Ulyseses." However, the Notice of Appeal indicates "Ulysses," the spelling that we have adopted in this Opinion.

In March 2018, while he was a student at Atherton High School in Louisville, Johnson suffered injuries when K.V., a fellow student, threw a stick at him. The stick lodged in Johnson's face near his eye.

In February 2019, Johnson's mother filed this personal injury action on his behalf. Named as defendants were: the Jefferson County Board of Education; Jefferson County Public Schools; Dr. Thomas Aberli, the former principal at Atherton; Dr. Martin Pollio, the superintendent of the Jefferson County Board of Education; and "Unknown Defendants."

She amended the complaint to include Louisville Metro Police Department and Louisville-Jefferson County Metro Government as additional defendants. The amended complaint included more factual allegations and stated new claims for alleged negligent hiring, retention, training, and supervision. Louisville Metro Police Department and Louisville-Jefferson County Metro Government were dismissed by the trial court on immunity grounds.

Johnson's mother filed for leave to file a second amended complaint, which was granted. The parties proceeded with discovery.

In June 2020, the Jefferson County Board of Education, Jefferson County Public Schools, Dr. Aberli, and Dr. Pollio filed a joint motion for summary judgment. They argued that they were shielded from liability by absolute immunity and/or qualified official immunity. Ms. Johnson responded with a

motion for leave to file a third amended complaint in which she named Gober and Williams as additional defendants. The trial court granted the motion for summary judgment, and it also granted Johnson's motion for leave to file the third amended complaint.

In December 2021, Ms. Johnson filed a motion for leave to file a fourth amended complaint in which Michael Johnson was substituted as plaintiff. The complaint largely restated the earlier factual allegations and re-asserted negligence claims against both Gober and Williams in their capacity as "teacher[s] and or School Resource Officer[s]." Johnson alleged that Gober and Williams were negligent by failing to prevent him from suffering foreseeable harm.

In May 2022, Gober and Williams filed a motion for summary judgment in which they contended that summary judgment should be entered on multiple grounds. They noted that Johnson had sued them in their representative capacity and had not asserted claims against either of them in an individual capacity. They argued that as employees of the public school system, they were entitled to assert the absolute immunity afforded the state. In the alternative, they argued that they were entitled to qualified official immunity or that Johnson could not make out a *prima facie* case of negligence. After a period of additional discovery, the trial court granted the motion for summary judgment. The court concluded that Johnson had sued Gober and Williams only in their official

-3-

capacities and that Gober and Williams were entitled to absolute immunity. This appeal followed.

On appeal, Johnson does not challenge the court's conclusion that Gober and Williams are immune from liability for the allegedly negligent actions taken in their representative (official) capacities. Instead, he argues that "the only issue this Court needs to decide" is whether Johnson's complaint "state[s] a claim against [Gober and Williams] individually." Johnson explains that the issue involves "pleading standards" and contends that the court misconstrued the allegations contained in his complaint. Johnson asks: "what does a plaintiff have to do to plead a case against a government employee in their individual capacity[?]"

In his fourth amended complaint, Johnson sued both Gober and Williams "in his official capacity as teacher and/or School Resource Officer at Atherton High School *and in his individual capacity at Atherton High School to the extent this Defendant is not entitled to sovereign immunity as determined by the facts and circumstances of this case.*" (Emphasis added.) The trial court concluded that Johnson had not pled claims against the defendants in their individual capacity through this language but had, instead, specifically **excluded** any claims of personal liability against them. The court rejected Johnson's

contention that a liberal construction of the language used in the complaint could alter the plain substance of it.

> [Johnson] offers no explanation of his wording of [the disputed provision], and the Court knows of no authority that allows the Court to assume it was a mistake, even when construing the pleading liberally; after all, the same allegations are repeated in the amended complaint that added [Gober and Williams] as defendants. . . .

Citing the analysis undertaken by the Supreme Court of Kentucky in *Calvert Investments Inc., v. Louisville & Jefferson Co. Metropolitan Sewer District*, 805 S.W.2d 133, 139 (Ky. 1991), the trial court determined that:

> "the failure to specify individual capacity in the heading, the lack of specificity in the body, and the failure to seek judgment against such individuals [in their individual capacity] in the concluding demand," forces the conclusion "that the Complaint fails to state a separate cause of action for personal liability against any particular individual."

Johnson argues that the disputed language gave the defendants fair notice of the claims against them and that the trial court erred by concluding that Gober and Williams were entitled to judgment as a matter of law. We disagree.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

-5-

law."  CR[2] 56.03.  Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision.  *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992).  Instead, we review the decision *de novo.  Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

A plaintiff is the master of his complaint and is solely responsible for its content.  *Bradley v. Commonwealth ex. Rel Cameron*, 653 S.W.3d 870 (Ky. 2022).  The complaint must sufficiently allege a discernable cause of action. *Security Trust Co. v. Dabney*, 372 S.W.2d 401 (Ky. 1963).  Kentucky law requires that allegations against a state actor in his individual capacity be made with specificity.  *Calvert Investments, Inc.*, *supra.*

The trial court concluded that the complaint did not state a separate cause of action for personal liability against Gober and Williams, in part, because by its language, it specifically excluded claims against them in their individual capacities.  From the beginning of this litigation, Johnson recited in his various complaints that Gober and Williams were being sued in their representative capacity and "in their individual capacity to the extent that they are not entitled to sovereign immunity."  There is no dispute that Gober and Williams are, in fact, entitled to absolute immunity from suit.  Consequently, the internally contradictory

---

[2] Kentucky Rules of Civil Procedure.

-6-

and confusing language that Johnson crafted compels the conclusion that Gober and Williams are being sued only in their official capacities and not in their individual capacities.

If we were to accept Johnson's assertion that the limiting language merely created an ambiguity with regard to the capacity in which Gober and Williams were being sued, we would, nevertheless, be persuaded that the claims were asserted against them only in their official capacity. Johnson's complaint specifically refers to Gober and Williams in their official capacities. The complaint also refers to the obligation of *state actors* to maintain the school's premises in a safe condition; to the duty of *state actors* properly to train school personnel; and to the alleged liability of *state actors* for the torts of their employees.

Accordingly, we conclude that Johnson's complaint consistently alleged claims against Gober and Williams in their official capacities only. Because there is no dispute that they are cloaked with governmental immunity, we conclude that the trial court did not err by granting the motion for summary judgment.

The judgment of the Jefferson Circuit Court is affirmed.


ALL CONCUR.

BRIEFS FOR APPELLANT:

John S. Friend
Louisville, Kentucky

BRIEF FOR APPELLEES:

C. Tyson Gorman
Jordan M. White
Matthew L. Bunnell
Louisville, Kentucky