Mamie GINTER, Administratrix of Estate of James P. Ginter, Deceased, Appellant,

v.

MONTGOMERY COUNTY, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

May 15, 1959.

Rehearing Denied Oct. 2, 1959.

M. C. Redwine, Redwine & Redwine, Winchester, for appellant.

Henry H. Bramblet, Mt. Sterling, for appellees.

CULLEN, Commissioner.

The administratrix of the estate of James P. Ginter, deceased, brought action against Montgomery County and the fiscal court of the county, seeking to recover damages for the alleged wrongful death of Ginter, who was fatally injured while operating a road grader in the employ of the county. The complaint alleged alternative grounds of liability, one being "negligence" of the defendants and the other being failure of the defendants to provide workmen's compensation coverage for the county employes as authorized by statute. Judgment was entered dismissing the complaint on the ground that it failed to state a claim upon which relief could be granted. The administratrix has appealed.

The claim that the county and the fiscal court should be liable in tort for Ginter's death because the county had not obtained workmen's compensation insurance covering its employes has no merit. The statute, KRS 67.180, provides that the fiscal court "may, in its discretion," purchase workmen's compensation insurance. Plainly, this statute merely gives permissive authority, and imposes no obligation or duty on any fiscal court to purchase such insurance.

The claim of liability based on negligence of the defendants runs squarely against the doctrine of municipal immunity from liability for negligence in the performance of governmental functions. See Monroe County v. Rouse, Ky., 274 S.W.2d 477; Baker v. City of Lexington, Ky., 310 S.W. 2d 555. The appellant, however, asserts that the doctrine has been abrogated by statute, or if not, should be abandoned as unsound.

The appellant places principal reliance on Bernadine v. City of New York, 294 N. Y. 361, 62 N.E.2d 604, 161 A.L.R. 364, wherein the New York Court of Appeals held that the New York Court of Claims Act, which expressly waived the immunity of the "state" from liability for torts, had

the effect of waiving the immunity of counties and cities as well as that of the state itself. The appellant argues that the Kentucky Board of Claims Act, KRS 44.-070 to 44.160, should be construed to have the same effect.

■ The New York case was based upon a construction of the New York statute, and it has no application here because our statute is not comparable. Our statute does not contain any express waiver of immunity, state or otherwise. Furthermore, it is limited in its application to the state government and to state departments, agencies, officers and employes. It is true that the statute does operate as a partial waiver of immunity, but subject to limits and restrictions, such as the $10,000 limit on claims, and the restriction that no award shall be made for pain or suffering, KRS 44.070. Clearly, our Board of Claims statute does not completely abrogate the doctrine of immunity even as to the state government, and as to local governments it does not purport to waive any immunity.

■ The appellant further argues that KRS 67.180, in authorizing counties to purchase motor vehicle liability insurance and workmen's compensation insurance, indicates an intention of the legislature to depart from the doctrine of governmental immunity for tort. This argument is without merit, because subsection (2) of KRS 67.180 clearly recognizes the immunity doctrine in providing that a suit on such a policy is maintainable against the county only for the purpose of obtaining a judgment which shall measure the liability of the insurance carrier, and shall not be enforced or collectible against the county or the fiscal court. We call attention also to KRS 44.055, enacted in 1958, which authorizes state agencies to procure motor vehicle liability insurance, but provides that "Nothing contained herein shall be construed to be a waiver of sovereign immunity."

■ The final contention of the appellant is that the doctrine of governmental immunity is unsound, and should be abandoned. The same contention has been made to this Court on several occasions, and has been rejected, the last occasion being about one year ago. See Baker v. City of Lexington, Ky., 310 S.W.2d 555. We continue to reject it.

The judgment is affirmed.