**Norman Thomas GNAU et al., Appellants,**

v.

**LOUISVILLE & JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT,**
Appellee.

Court of Appeals of Kentucky.

May 19, 1961.

Philip P. Ardery, Brown, Ardery, Todd & Dudley, Herbert C. Howard, Miller & Howard, Louisville, for appellants.

Blakey Helm, James Goslee Becker, Louisville, for appellee.

WILLIAMS, Judge.

The appellant, Norman Thomas Gnau, filed a tort proceeding in the Board of Claims against the Louisville & Jefferson County Metropolitan Sewer District. The Board dismissed the proceeding on the ground it had no jurisdiction over the appellee. Appeal to the Jefferson Circuit Court resulted in an affirmance of the decision of the Board.

By statute, the Commonwealth's immunity from liability for injury occasioned by its negligence has been waived to a limited extent. KRS 44.070 vests authority in the Board of Claims to "investigate, hear proof, and to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its departments or agencies, or any of its officers, agents or employees while acting within the scope of their employment by the Commonwealth or any of its departments or agencies; * * *" KRS 44.100 provides that all awards and cost of operation assessed by the Board shall be paid out of a State Fund, upon warrants drawn by the Commissioner of Finance upon the State Treasurer.

The Sewer District was created under the authority of Chapter 76 of Kentucky Revised Statutes. It is "a public body corporate, and political subdivision, with power to adopt, use and alter at its pleasure a corporate seal, sue and be sued, contract and be contracted with, and in other ways to act as a natural person, within the purview of this chapter." KRS 76.010.

In Fawbush v. Louisville & Jefferson County Metropolitan Sewer District, Ky., 240 S.W.2d 622, 624, this Court held that the Sewer District is not liable for torts committed by its servants while acting within the scope of their employment. We

said that the Sewer District is an independent public corporation; autonomous and economically self-sustaining, and that it is performing a governmental function in the preservation and promotion of public health. We recognized that the Sewer District is an agency of the State and thus cloaked with immunity from liability for injury occasioned by negligent acts of its servants. In referring to the Sewer District as an agency of the State it should not be implied that such District is a State agency as the term is employed in KRS 44.070. The use of the phrase "agency of the state" merely describes a public agency and technically does not mean an arm or branch of the central State government. As is apparent from the above-quoted sections of the statute the waiver of immunity attaches only to those agencies which are under the direction and control of the central State government and are supported by monies which are disbursed by authority of the Commissioner of Finance out of the State treasury. The Sewer District, although a public agency performing a governmental function and thus entitled to immunity from liability for its negligence, is not one of the branches of the government which is included in the waiver by the subject statute. Until the Legislature sees fit to waive immunity for public agencies other than those directly administered by the central State government, then such immunity will continue for all such public agencies performing a governmental function of the sovereign.

We agree with the opinion of the lower court, which states as follows:

"* * * The Metropolitan Sewer District is an independent and autonomous public corporation exercising a function of the state government and is among that numerous group each separately created for a variety of purposes ranging from a small road district to a city of the first class. They are all indeed agencies of the State in that they perform the particular governmental duties delegated to them, but at the same time they are fairly insulated from the day to day control of the central state government and, on the other hand, the state treasury, from which this claim is sought to be paid under the statute here, is fairly insulated from the demands made upon these public corporations. The historical background of this statute, including the special acts consenting from time to time to suits by individuals against the state, have always been concerned with departments of the central state government. If it were the intention of the Legislature to withdraw the existing common law immunity from suit of these independent corporations exercising public functions, the language of the statute would of necessity be more inclusive and more explicit than that here under consideration."

The judgment is affirmed.