**BOARD OF EDUCATION OF ROCKCASTLE COUNTY, Appellant,**

v.

**Larry KIRBY, Individually and as Administrator of the Estate of Michael Glen Kirby, Deceased, and Iva Jean Kirby, Appellees.**

No. 93–SC–870–DG.

Supreme Court of Kentucky.

July 25, 1996.

Debra Hembree Lambert, Mt. Vernon, John G. Prather, Jr., Somerset, for appellant.

Richard Hay, Somerset, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a summary judgment in favor of the Board of Education of Rockcastle County in a negligence action. On appeal, the single issue is whether the circuit court properly determined that there was no genuine issue as to any material fact and that the Board of Education was entitled to a judgment as a matter of law pursuant to CR 56.03.

The Court of Appeals held that the circuit court was in error and reversed and remand-

ed the case for trial. The circuit court granted the summary judgment on the basis of sovereign immunity for the local school board. In an opinion issued in October 1995, this Court affirmed the Court of Appeals and framed the issue as to whether the local Board of Education's liability insurer, the real party in interest, shares the immunity of the Board and consequently avoids the payment of insurance coverage provided for in its policy purchased by the Board of Education. This Court has now granted rehearing.

Michael Kirby, the six-year-old son of Larry and Iva Jean Kirby, was struck and killed by an oncoming motor vehicle after he had exited a school bus owned by the Board of Education. The estate named the Board of Education as the sole defendant. A prior negligence action filed against the driver of the other vehicle was settled by the parties. The driver of the school bus was not sued.

■ The underlying issue is whether the school board had purchased a policy of general liability insurance pursuant to KRS 160.160(1) and whether KRS 160.310 and KRS 160.160, together with the purchase of insurance, constitute a waiver of the sovereign immunity of the school board to the extent of the insurance coverage.

The practical question is who should pay in the event a judgment is ultimately rendered against the school board. Should it be the State Treasury which is responsible for the payment of awards made by the Board of Claims, or should it be the insurance carrier that sold the school board an insurance policy against this type of claim.

Among the statutes in question is KRS 160.310, which provides in pertinent part that each Board of Education may set aside funds to provide for the liability and indemnity insurance against the negligence of the driver or operator of school buses owned and operated by the Board. This statute was repealed and reenacted in 1990, four years after the amendments to the Board of Claims Act were adopted. 702 KAR 5:070 § 1 states that each district that owns and operates any or all of the school buses that transport pupils to and from school shall purchase liability or indemnity insurance for these buses.

KRS 160.160 provides that each Board of Education shall be a body politic and may sue and be sued and expend funds necessary for liability insurance premiums and the defense of civil actions brought against individual board members.

There is no conflict between the waiver provisions of sovereign immunity found in KRS 160.310 and 160.160, and the more general waiver of immunity found in the Board of Claims Act, KRS 44.070, et seq.

In their lawsuit, the parents alleged a violation of 702 KAR 5:080 § 32, as well as a failure on the part of the school board to properly instruct and educate school children regarding bus safety. The parents also claimed that the child should have been let off the bus on the side of the road where his house was located, rather than to require him to cross U.S. Highway 25.

■ The circuit court incorrectly ruled that the Board of Claims had exclusive and primary jurisdiction over this action. The specific language of KRS 44.073(2) does not apply to this claim. The act is limited to subdivisions of the central state government. There is no statement that the act applies to local government or local boards of education. This Court has determined that there is a limited waiver of sovereign immunity of a district school board for claims arising out of the negligent driving or operation of school buses. *Taylor v. Knox County Board of Education*, 292 Ky. 767, 167 S.W.2d 700 (1942). *Kentucky Center for the Arts v. Berns*, Ky., 801 S.W.2d 327 (1991), cited *Taylor, supra*, as a case deciding that there was a statutory waiver because of statutes authorizing or directing the purchase of liability insurance. The impact of *Berns, supra*, is to the effect that the Board of Claims is not the only method of statutorily waiving sovereign immunity.

KRS 44.072 provides that the Board of Claims shall have exclusive jurisdiction except as otherwise specifically set forth by statute. The waiver of immunity found in KRS 160.310 and 160.160 is the type of claim excepted from the Board of Claims Act.

The Board of Claims Act itself simply does not include local boards of education. The general rule of statutory construction that enumeration of particular items excludes other items which are not specifically mentioned applies in this situation. *Central Kentucky Drying v. Department of Housing*, Ky., 858 S.W.2d .165 (1993). Specifically, *Wood v. Board of Education of Danville*, Ky., 412 S.W.2d 877 (1967), states that a plaintiff has no right to pursue a claim against a school board in the Board of Claims for the reasons stated in *Gnau v. Louisville & Jefferson Co. Metropolitan Sewer District*, Ky., 346 S.W.2d 754 (1961), which held that although the sewer district was an agency of the state and thus cloaked with immunity, the sewer district was not a state agency as the term is employed in KRS 44.070 and consequently cannot be sued in the Board of Claims because it is not directly administered by the central state government. *Gnau, supra*, at 755. The fact that the Kirbys filed an action with the Board of Claims within two weeks of the summary judgment does not foreclose their pursuit of this appeal.

It is significant that the only provision in the Act which includes a local government is one involving a claim against the local school board based on a provision specifically limited to a claim resulting from asbestos exposure. Accordingly, we believe it is proper, as noted by the Court of Appeals, that the legislature did not intend to include a local Board of Education within the confines of the act for any claim outside of one relating to asbestos exposure. Therefore, it was error for the circuit court to rule that the Board of Claims had exclusive and primary jurisdiction over the claim for negligence presented here.

It should be remembered that *Taylor* held that the legislation relating to insurance did not specifically waive the privilege of sovereign immunity, but rather took a middle course allowing the Board of Education to obtain liability insurance for the protection of the public if the public is in fact injured by one of the bus drivers in the performance of his duty.

The 1986 amendments to the Board of Claims Act have no significance to this ap-

peal. Those amendments to KRS Chapter 44 did not change the fact that KRS 160.310 and KRS 160.160 waived the sovereign immunity of a school board to the extent of liability insurance coverage. *See Berns, supra*, where this Court discussed the distinction between the 1986 amendments to the Board of Claims Act and cases deciding whether there was a statutory waiver because of the authorization or direction to purchase liability insurance.

We recognize that *Wallace v. Laurel County Board of Education*, 287 Ky. 454, 153 S.W.2d 915 (1941), does not generally allow suits sounding in tort against school districts. However, *Wallace, supra*, is distinguishable from the facts here because KRS 160.160 was amended in 1978 to allow school boards to purchase liability insurance. This authorization combined with the actual purchase of the insurance constitutes a limited waiver of immunity. *Green River Health Department v. Wigginton*, Ky., 764 S.W.2d 475 (1989). *Wigginton* went on to state that even if the statute authorizing the purchase of liability insurance is permissive, once the agency elects to purchase the insurance, the argument between mandatory and permissive language is a distinction without a difference. *Wigginton, supra*, at 477.

In this case, both KRS 160.310 and KRS 160.160 are controlling. KRS 160.310 is applicable because the action filed by the Kirbys, although not specifically naming the bus driver as a defendant, does allege negligence of the driver or operators of the bus owned and operated by the Board of Education. Accordingly, the circuit court erred in entering a summary judgment for the school board. In addition, the school board is subject to liability under KRS 160.160(1) if it had purchased a policy of general liability insurance.

The immunity of the Commonwealth still extends in principle to school districts. *See Calvert Investments v. Sewer District*, Ky., 805 S.W.2d 133 (1991) and *Cullinan v. Jefferson County*, Ky., 418 S.W.2d 407 (1967). However, in situations like the one presented here, we hold that pursuant to KRS 160.160(1), which permits a school board to expend public funds for the purpose of ac-

quiring liability insurance, a lawsuit such as the one filed here can be maintained against the Board of Education to determine liability with that liability not to exceed the insurance coverage. When the insurance is paid for by public funds, the courts provide the proper remedy for litigation. *Wigginton, supra.* We agree with the Court of Appeals analysis that although KRS 160.160(1) permits the purchase of insurance rather than mandating it, the statute still envisions the expenditure of public funds to establish a source for the payment of the claims. *See Dunlap v. University of Kentucky Student Health,* Ky., 716 S.W.2d 219 (1986), for a similar rationale.

In the case before us, it is not clear from the record whether the Board of Education purchased a policy of general liability insurance. If there is a policy of insurance, a trial on the merits should follow. Therefore, we remand this action to the trial court for a hearing to make such a determination. The trial court is directed to reinstate the complaint by the Kirbys against the Board of Education.

The decision of the Court of Appeals is affirmed.

KING, GRAVES and STUMBO, JJ., and LAYTON, S.J., concur.

STEPHENS, C.J., dissents by separate opinion in which BAKER, J., joins.

LAMBERT, J., did not sit.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent.

It is undisputed that Section 231 of the Constitution of this Commonwealth provides for sovereign immunity, as follows:

> The General Assembly may, by law, direct in what manner and in what court suits may be brought against the Commonwealth.

This Court has also consistently held that school districts and boards of education are creatures of the General Assembly and are its designated agencies to perform the constitutional duty of providing "for an efficient system of common schools throughout the state." *See Calvert Investments, Inc. v.*

*Louisville and Jefferson Metropolitan Sewer District,* Ky., 805 S.W.2d 133 (1991); KENTUCKY CONSTITUTION sec. 186; and *Rose v. The Council for Better Education, Inc.,* Ky., 790 S.W.2d 186 (1989). As such, the local school board "is a state agency shielded by state sovereign immunity ..." *Clevinger v. Board of Education of Pike County,* Ky., 789 S.W.2d 5 (1990).

It seems equally clear that the General Assembly can, by statute, waive the sovereign immunity previously reposed. We said in *Kentucky Center for the Arts v. Berns,* Ky., 801 S.W.2d 327, 329 (1991):

> Where sovereign immunity exists, the General Assembly has the power of statutory waiver *which it exercises through the Board of Claims Act.* KRS 44.070 et seq. (emphasis added)

In granting Summary Judgment herein to the Board, the trial judge, Hon. William T. Cain, held that the Board is an agency of the state, immune from all negligence claims, and subject to the primary and exclusive jurisdiction of the Board of Claims under KRS 44.073(2). The Court of Appeals reversed the trial court decision. A majority of this Court agrees with the Court of Appeals' reasoning on the issue of sovereign immunity. I find the majority's analysis incorrect.

The majority opinion contends that the Board of Claims Act "is limited to subdivisions of the central state government. There is no statement that the act applies to local governments or local boards of education." KRS 44.073(2) of the Board of Claims Act provides:

> The Board of Claims shall have primary and exclusive jurisdiction over all negligence claims for the negligent performance of ministerial acts against the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any officers, agents, or employees thereof while acting within the scope of their employment by the Commonwealth, or any of its cabinets, departments, bureaus, or agencies.

I do not agree with the analysis given this section by the majority. This statute uses the words "officers" and "agents" of any of the Commonwealth's "agencies," and, as stat-

ed above, we have consistently held that a county board of education is such an "arm of state government" enjoying sovereign immunity, *unlike* "local governments." *Wallace v. Laurel County Board of Education,* 287 Ky. 454, 153 S.W.2d 915 (1941), held that the statute creating county boards of education and granting them power to "sue and be sued" does not make them liable for torts committed by *officers* or *agents* in the performance of public duties. While the majority states that *Wallace* can be distinguished, they fail to do so.

The majority then holds that KRS 160.160(1) and KRS 160.310 constitute an implied waiver by the General Assembly of the defense of sovereign immunity applicable to a board of education, to the extent of available insurance coverage. The applicable portion of each of these statutes is as follows:

**160.160(1).** Each board of education . . . may sue and be sued; make contracts; expend funds necessary for liability insurance premiums and for the defense of any civil action brought against an individual board member in his official or individual capacity, or both, on account of an act made in the scope and course of his performance of legal duties as a board member. . . .

**160.310. Board to provide insurance for school buses.**

Each board of education may set aside funds to provide for liability and indemnity insurance against the negligence of the drivers or operators of school buses, other motor vehicles, and mobile equipment owned or operated by the board. . . .

In so holding, the majority relies upon this Court's decision in *Green River District Health Department v. Wigginton,* Ky., 764 S.W.2d 475 (1989).

The majority opinion summarily dismisses the 1986 Amendments to the Board of Claims Act. The language chosen by the General Assembly to amend the applicable section of Chapter 44 of the statutes was, and still is, quite explicit and unambiguous. KRS 44.072 reads:

**Legislative intent as to sovereign immunity in negligence claims.**—It is the intention of the General Assembly to provide the means to enable a person negligently injured by the Commonwealth, any of its cabinets, departments, bureaus or agencies, or any of its officers, agents or employees while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies to be able to assert their just claims as herein provided. The Commonwealth thereby waives the sovereign immunity defense only in the limited situations as herein set forth. It is further the intention of the General Assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employees while acting in the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies in all other situations except where sovereign immunity is specifically and expressly waived as set forth by statute. The Board of Claims shall have exclusive jurisdiction to hear claims for damages, except as otherwise specifically set forth by statutes, against the Commonwealth, its cabinets, departments, bureaus or agencies or any of its officers, agents or employees while acting within the scope of their employment by the Commonwealth, its cabinets, departments, bureaus or agencies.

Finally, KRS 44.073(14) was added to remove any doubt as to the effect the legislature intended to be given to the optional insurance purchase sections of KRS 160.160(1) and 160.310:

The filing of an action in court or any other forum or the purchase of liability insurance or the establishment of a fund for self-insurance by the Commonwealth, its cabinets, departments, bureaus or agencies or its agents, officers, or employees thereof for a government related purpose or duty shall not be construed as a waiver of sovereign immunity or any other immunity or privilege thereby held. Except as specifically set forth by statute, no counterclaim, set-off, recoupment, cross-claim, or other form of avoidance may be asserted by any person when suit is brought against said person by the Commonwealth

or any of its cabinets, departments, bureaus or agencies thereof.

I believe that the majority misinterprets KRS 160.310 in holding that this section permits suits against boards of education for their vicarious liability resulting from negligence of school bus drivers or operators. Rather, the sections permit such boards to purchase insurance *covering the drivers or operators,* just as KRS 160.160(1) permits the boards to purchase insurance covering an *individual board member.* None of these individuals enjoys sovereign immunity like a board of education does, and accordingly, none can be pursued in the Board of Claims. In the case before us, it is uncontradicted that the plaintiff-appellees did *not* sue the bus driver in the complaint filed in the Rockcastle Circuit Court; the Board of Education was the sole defendant.

Accordingly, I would reverse the decision of the Court of Appeals and affirm and reinstate the judgment of the Rockcastle Circuit Court, dismissing the complaint on grounds of sovereign immunity.

BAKER, J., joins this opinion.