**BOARD OF CLAIMS OF KENTUCKY,**
Appellant,

v.

**Raymond BANKS and Powell County Fiscal Court, Appellees.**

**No. 1999–CA–001001–MR.**

Court of Appeals of Kentucky.

Oct. 20, 2000.

Trevor A. Smith, Louisville, Joseph W. O'Reilly, Frankfort, KY, for Appellant.

Robert G. King, Stanton, KY, brief for Appellee, Raymond Banks.

Wayne F. Collier, Lexington, KY, brief for Appellee, Powell County Fiscal Court.

Before BUCKINGHAM, EMBERTON, and SCHRODER, Judges.

### OPINION

BUCKINGHAM, Judge.

The Board of Claims of Kentucky (Board) appeals from an order of the Powell Circuit Court remanding a claim by Raymond Banks to the Board for a trial on the merits. We conclude that the Board properly dismissed Banks's claim against the Powell County Fiscal Court for lack of jurisdiction and that the trial court erred in remanding the claim to the Board. We therefore reverse and remand.

Banks, a state prison inmate serving a prison sentence in the Powell County Jail, was injured on May 26, 1995, while operating a front end loader for the Powell County Road Department. Banks filed suit in the Powell Circuit Court against Powell County (not the Powell County Fiscal Court) for damages allegedly resulting from the negligent maintenance of the front end loader. The Powell Circuit Court granted Powell County's motion for summary judgment on the ground that the county was protected from tort liability due to sovereign immunity. The court's order stated that "[t]he only recourse for those who believe they are injured or damaged by the activities of the government or its agents is a resort to a proper claim before the Board of Claims."

In July 1998, Banks filed an action in the Board against the Powell County Fiscal Court for damages due to the alleged injuries he sustained in the 1995 accident.[1] Based on a blanket order the Board had entered on May 21, 1998, holding that it did not have jurisdiction over claims against counties, the Board dismissed Banks's claim. Banks then petitioned the Powell Circuit Court to review the Board's order dismissing his claim, and the court reversed the Board and remanded the claim for a trial on the merits. In doing so, the court held that the Board had jurisdiction over the claim. This appeal by the Board followed.

The Board argues that the trial court erred when it concluded that the Board had jurisdiction of Banks's claim against the Powell County Fiscal Court. It argues that counties have sovereign immunity and that the statutes relative to the Board of Claims, KRS[2] 44.070–160, do not constitute a waiver of sovereign immunity with respect to county governments. It asserts, therefore, that it had no jurisdiction of Banks's claim.

KRS 44.070(1) provides in pertinent part as follows:

A Board of Claims ... is created and vested with full power and authority to investigate, hear proof, and to compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any of its officers, agents, or employees while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus, or agencies....

KRS 44.072 provides in part that

[i]t is the intention of the General Assembly to provide the means to enable a person negligently injured by the Commonwealth, any of its cabinets, departments, bureaus or agencies, or any of its officers, agents or employees while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies

---

1. The Powell County Fiscal Court asserts that Banks's claim against it is barred by the one-year statute of limitation set forth in KRS 44.110(1). Because the Board dismissed the claim for lack of jurisdiction, it did not address this issue in its order.

2. Kentucky Revised Statutes.

to be able to assert their just claims as herein provided. The Commonwealth thereby waives the sovereign immunity defense only in the limited situations as herein set forth. It is further the intention of the General Assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employees while acting in the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies in all other situations except where sovereign immunity is specifically and expressly waived as set forth by statute.

KRS 44.073(11) states that "[e]xcept as otherwise provided by this chapter, nothing contained herein shall be construed to be a waiver of sovereign immunity or any other immunity or privilege maintained by the Commonwealth, its cabinets, departments, bureaus, and agencies and its officers, agents, and employees."

In *Franklin County v. Malone*, Ky., 957 S.W.2d 195 (1997), the Kentucky Supreme Court stated, in dicta, that "[t]he Court of Appeals erroneously held that KRS 44.070 et seq. has no application to counties." *Id.* at 203–204. Following the supreme court's opinion in *Malone*, the Board began receiving numerous claims against various Kentucky counties. When the Board entered its blanket order on May 21, 1998, stating that it had no jurisdiction over counties, the Board noted that it had received forty-three separate claims against various Kentucky counties since *Malone.* In its blanket order resolving the issue, the Board stated that it was aware of the aforementioned language in *Malone* but that it could not infer from the language that the supreme court had overruled its holdings to the contrary in *Gnau v. Louisville & Jefferson County Metropolitan Sewer District,* Ky., 346 S.W.2d 754, 755 (1961), and *Board of Education of Rockcastle County v. Kirby,* Ky., 926 S.W.2d 455, 456 (1996). We agree with the Board

that claims against counties may not be brought in the Board of Claims and that the supreme court has not overruled these decisions.

In *Ginter v. Montgomery County,* Ky., 327 S.W.2d 98 (1959), the appellant was the administratrix of a deceased person's estate who brought an action against a county and fiscal court to recover damages for wrongful death due to negligence. The appellant argued that the Board of Claims Act should be construed as having expressly waived the immunity of counties. In rejecting the appellant's argument, the court held that "our Board of Claims statute does not completely abrogate the doctrine of immunity even as to the state government, *and as to local governments it does not purport to waive any immunity.*" *Id.* at 100 (emphasis added). Thereafter, in *Cullinan v. Jefferson County,* Ky., 418 S.W.2d 407 (1967), the court held that "[w]hen the people of this Commonwealth want sovereign immunity waived as to counties or county boards of education, their elected legislative representatives will be charged with this responsibility." *Id.* at 409.

In the *Gnau* case, the court was faced with the issue of whether the Board had jurisdiction over the Louisville and Jefferson County Metropolitan Sewer District. While the court noted that the sewer district was an agency of the state, it refused to hold that it was a state agency as that term is used in KRS 44.070. In determining what was meant by a state agency which could be subject to the jurisdiction of the Board of Claims, the court held:

As is apparent from the above-quoted sections of the statute the waiver of immunity attaches only to those agencies which are under the direction and control of the central State government and are supported by monies which are disbursed by authority of the Commissioner of Finance out of the State treasury.

346 S.W.2d at 755. This two-pronged test in *Gnau* was reiterated by the Kentucky

Supreme Court in *Kentucky Center for the Arts Corporation v. Berns,* Ky., 801 S.W.2d 327, 331 (1990). Then, in the *Kirby* case, the Kentucky Supreme Court held that "[t]he act [Board of Claims Act] is limited to subdivisions of the central state government. There is no statement that the act applies to local government...." 926 S.W.2d at 456.

■ Finally, the Kentucky Supreme Court stated in *Malone* that "[i]n any event it is well settled that in the absence of waiver, the county is immune from tort liability. *The legislature has not expressly waived the immunity of the county from suit in tort.*" 957 S.W.2d at 203 (emphasis added). While that statement from the *Malone* opinion would appear to hold that the legislature has not waived sovereign immunity for counties, the court thereafter stated in dicta that this court had erred in holding that the Board of Claims Act has no application to counties. *Id.* We believe that we are neither bound by the dicta in the *Malone* opinion [3] nor do we believe that the Kentucky Supreme Court intended to overrule prior precedent with that statement.

■ It is clear that the Board of Claims Act allows claims for damages due to negligence against the Commonwealth or any of its cabinets, departments, bureaus, or agencies, or any of its officers, agents, or employees. KRS 44.070(1). In order for there to be a further waiver of immunity, an express waiver is required. *Withers v. University of Kentucky,* Ky., 939 S.W.2d 340, 345 (1997); *Malone,* 957 S.W.2d at 203. Therefore, as stated in *Malone,* "in the absence of waiver, the county is immune from tort liability." *Id.* The fact that the Board of Claims Act does not vest jurisdiction in the Board of Claims over counties is clearly supported by the precedents set forth in *Ginter, Cullinan, Gnau,*

and *Kirby.* Because the Board of Claims Act does not expressly waive sovereign immunity for counties, the Board was correct in finding that it had no jurisdiction of Banks's claim against the Powell County Fiscal Court.

The order of the Powell Circuit Court is reversed, and this matter is remanded for the entry of an order affirming the Board's dismissal of Banks's claim. .

SCHRODER, Judge, concurs.

EMBERTON, Judge, dissents by separate opinion.

EMBERTON, Judge, dissenting.

I respectfully dissent. Although the majority adequately supports its opinion with precedent, I believe the premise upon which its authority is based is illogical and wrong. Moreover, the holding in such cases is unfair to those who are injured as the result of the negligence of a county government, rather than by the negligence of the state, in that the opportunity to seek relief is granted to one while being arbitrarily and unreasonably denied to the other. More important however, is that *Withers v. University of Kentucky*[4] compels a result contrary to the majority holding.

The General Assembly, through enactment of the Board of Claims Act,[5] has provided a means by which those persons negligently injured at the hands of the Commonwealth, any of its cabinets, departments, bureaus or agencies may seek limited relief. The enumeration of these sub-entities, set out in KRS 44.072, does not necessarily suggest a legislative intent to exclude counties. To contend that it does is no different from arguing that since "counties" is not specifically set out in Section 231 of the Kentucky Constitution, sovereign immunity is not granted to

---

**3.** Dicta in an opinion is not authoritative or binding on a reviewing court. *See Stone v. City of Providence,* 236 Ky. 775, 778, 34 S.W.2d 244, 245 (1930); *Cawood v. Hensley,* Ky., 247 S.W.2d 27, 29 (1952).

**4.** Ky., 939 S.W.2d 340 (1997).

**5.** Kentucky Revised Statutes (KRS) 44.070.

counties. Just as we find the grant of sovereign immunity to the Commonwealth and the county to be coextensive, I know of no reason that the waiver of immunity for the Commonwealth and for the county should not likewise be coextensive. For such purpose they should be considered inseparable unless expressly said by the General Assembly to be otherwise. However, until *Withers*, our courts have consistently held to the contrary as the majority correctly points out.

Since *Ginter v. Montgomery County*,[6] our courts have universally held that KRS 44.072 does not waive the sovereign immunity of counties, resulting, of course, in a denial of jurisdiction to the Board to hear claims against counties. In *Ginter*, the estate of a fatally injured grader operator sued Montgomery County, arguing that the Board of Claims Act has the effect of waiving the county's immunity. Without any supporting discussion the court held simply that, "as to local governments it (the Act) does not purport to waive any immunity."[7]

But in neither *Ginter* nor its progeny does the court offer a plausible rationale for excluding counties from the Act's waiver of immunity. The courts do, however, establish a criterion for determining which of the several immune entities are excluded from waiver. In *Gnau v. Louisville & Jefferson County Metropolitan Sewer District*,[8] the appellant's suit against the Sewer District in the Board of Claims was dismissed on the ground that the Board had no jurisdiction. The Court of Appeals[9] affirmed the dismissal citing *Fawbush v. Louisville & Jefferson County Metropolitan Sewer District*,[10] which held that although the Sewer District is an agency of the state, "the waiver of immunity attaches only to those agencies which are under the direction and control of the central State government and are supported by monies which are disbursed by authority of the Commissioner of Finance out of the State treasury."[11]

Although I would find that *Withers* overrules the test of waiver in *Gnau*, I am also of the opinion that a distinction should be drawn between an "agency" and its relationship with the Commonwealth and a "sub-division" and its relationship with the Commonwealth. By definition a sub-division is an integral part of a whole—as here, it is a necessary component to make the state whole, while an agency is simply a delegated representative of the state created to perform services.

Of the cases cited by the majority only *Ginter* and *Malone* address the issue of the jurisdiction of the Board of Claims to hear claims against counties. All other cases cited relate to the question of immunity and the waiver of immunity of agencies in state government such as sewer districts, boards of education and entertainment entities. I do not find the same precedential guidance for questions relating to counties as I would for agencies.

Precedent clearly supports the proposition that sovereign immunity, as enjoyed by the Commonwealth under Section 231, extends to and includes counties by virtue of their being subdivisions of the Commonwealth.

The principle is emphatically and succinctly phrased in *Kenton County Public Parks Corp. v. Modlin*:[12]

> Since 1792 nothing could be clearer in Kentucky law than the principle that counties enjoy sovereign immunity from ordinary tort liability, the same immunity as the Commonwealth.

6. Ky., 327 S.W.2d 98 (1959).

7. *Id.* at 100.

8. Ky., 346 S.W.2d 754 (1961).

9. Now the Supreme Court.

10. Ky., 240 S.W.2d 622 (1951).

11. *Gnau*, 346 S.W.2d at 755.

12. Ky.App., 901 S.W.2d 876, 879 (1995).

While our courts broadly define Section 231 as granting sovereign immunity to the Commonwealth's sub-divisions, cabinets, departments, bureaus and agencies, they have consistently interpreted the Board of Claims Act as waiving the immunity only of those entities that meet the test set out by the *Gnau* court. Counties, obviously, remain in a category unto themselves, enjoying sovereign immunity without inclusion by express terms in any legislative act of waiver. Yet, it seems totally inconsistent to hold that Section 231 grants sovereign immunity to the Commonwealth, and thereby to counties by virtue of their being subdivisions of the Commonwealth, while on the other hand declare that the waiver of immunity granted by the Act refers to the Commonwealth, but not to its counties.

Since *Malone* we have variously held both, that *Malone* is authority for finding waiver of immunity of counties,[13] and, that it is not [14] (and the dicta of *Clark v. June*,[15] which discusses the ambiguity of the present status). However, if we look at the stated premise in *Withers*, that through time various efforts to resolve persistent questions regarding sovereign immunity we find those attempts often resulted only in greater uncertainty. Writing for the court, now Chief Justice Lambert, set forth guidelines in *Withers*, by which courts can reach more consistent results, holding specifically that claims against all immune entities are within the jurisdiction of the Board of Claims:

> All claims against immune entities fall squarely within the purview of the Board of Claims Act where resides exclusive jurisdiction for claims against the entity. The Board of Claims Act and sovereign immunity are co-extensive. *Berns*, 801 S.W.2d at 331, and *Gnau v. Louisville & Jefferson County Metropolitan Sewer District*, Ky., 346 S.W.2d 754 (1961). It follows that a plea of sovereign immunity is an admission of Board of Claims jurisdiction.[16]

Since the enactment of the Board of Claims Act we have invariably defied a sense of fairness by creating a distinction between the Commonwealth and its counties in our application of the Act. It seems unambiguously stated in *Withers* that that part of *Gnau* setting out the test of waiver under the Act is overruled and waiver must now be applied to all sovereign entities whose immunities are derived from Section 231.

I would affirm.

---

**13.** *Whitney v. Jefferson Co. Fiscal Court* (1997–CA–002654); *Dye v. Clark Co. Board of Education* (1998–CA–000013); *Bell Co. Fiscal Court v. Thompson* (1998–CA–001532) (all opinions designated not to be published).

**14.** *Williams v. Kentucky Dept. of Education* (1999–CA–000914) (designated not to be published).

**15.** *Estate of Anthony Ray Clark v. June* (1998–CA–002755) (designated not to be published).

**16.** *Withers*, 939 S.W.2d at 346.