**David EZELL, Ancillary Administrator of the Estate of Billy Don Ezell, Deceased, Plaintiff–Appellant**

v.

**CHRISTIAN COUNTY, KENTUCKY, and Chuck Chambers, Defendants– Appellees**

No. 99–5497.

United States Court of Appeals, Sixth Circuit.

May 30, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; and HAYNES,* District Judge.

*Order Denying Petition for Rehearing*

Pursuant to Federal Rule of Appellate Procedure 40, defendant Chuck Chambers has filed a Petition for Rehearing in this case, claiming that we erred in holding that the sovereign immunity that shields Christian County from liability did not also extend to him. Specifically, Chambers contends that sovereign immunity extends to public officials performing "discretionary" functions associated with their offices and that his duties as county engineer are "clearly" discretionary functions as that term is understood under Kentucky law. This issue was not squarely before us when we decided the appeal, and we regard the issue as waived. Chambers may not belatedly raise this issue in a petition for rehearing. *Costo v. United States,* 922 F.2d 302 (6th Cir.1990).

Nowhere in his brief before this Court does Chambers argue that he is immune because his duties as county engineer are

* The Honorable William J. Haynes, United States District Judge for the Middle District of Tennessee, sitting by designation.

discretionary. Relying on *Franklin Cty., Ky. v. Malone*, 957 S.W.2d 195 (1997),[1] Chambers' argument on appeal focused on whether there was "personal, active negligence on the part of Chambers." Final Brief of Defendants at 8. Our opinion used the framework set forth in *Malone* and in the parties' briefs for analyzing tort liability of county employees. We held that there was enough evidence of negligence on the part of Chambers to make summary judgment inappropriate and therefore reversed the district court's judgment as to Chambers. Opinion at 6–7.

Nor does it appear from the record before us that the issue of whether Chambers' duties were discretionary or ministerial was clearly raised below. The district court also analyzed Chambers' conduct under the same standard used by the Kentucky Supreme Court in analyzing the conduct of the county jailer in *Malone* and it granted summary judgment to Chambers because it found "no active personal wrongdoing" and no evidence that Chambers exercised less than ordinary care in selecting his employees. Memorandum Opinion of the District Court at 6 (Mar. 18, 1999). The opinion of the district court did not address whether Chambers' duties were discretionary or ministerial.

In sum, the issue of whether Chambers' duties are discretionary in nature was not raised by the parties or the court below, and it was not squarely presented to this Court either. Chambers cannot now claim that he is immune because his duties are

discretionary. The Petition for Rehearing is denied.

---

1. The proper construction of *Malone* is the subject of current debate in the Kentucky courts. *See, e.g., Bd. of Claims of Ky. v. Banks*, 31 S.W.3d 436, 438 (Ky.Ct.App.2000) (discussing whether *Malone* is authority for finding waiver of immunity for counties and noting split in cases since the decision in *Malone*); *Turner v. Newport Bd. of Ed.*, No.

1999–CA–001766–MR, 2000 WL 1364429, at *3 (Ky.Ct.App. Sept. 22, 2000) (proper interpretation of *Malone* subject of "great debate" and noting that *Malone* distinguishes between official immunity for *state* employees and *county* employees by utilizing a different analysis in determining liability of each).