**KNOTT COUNTY FISCAL COURT, Kenny Dyer, and Chris Conley, Appellants**

v.

**Gary AMBURGEY, Appellee.**

**No. 2011–CA–000782–MR.**

Court of Appeals of Kentucky.

Feb. 1, 2013.

Rehearing Denied July 18, 2013.

Discretionary Review Denied by Supreme Court June 11, 2014.

Daniel Stratton, Pikeville, KY, for appellants.

Adam P. Collins, Hindman, KY, for appellee.

Before CAPERTON, COMBS, and NICKELL, Judges.

*OPINION*

CAPERTON, Judge:

The Knott County Fiscal Court appeals from the denial of its motion for summary judgment based on sovereign immunity against the negligence action filed by Gary Amburgey for failure to remove mud and debris from the roadway and failure to warn of the hazardous condition. After a thorough review of the parties' arguments, the record, and the applicable law, we agree with the Fiscal Court that its sovereign immunity was not expressly waived by Kentucky Revised Statutes (KRS) 67.180; therefore, it was entitled to summary judgment. Accordingly, we reverse

and remand this matter for an order entering summary judgment in favor of the Fiscal Court.

Amburgey was injured in a single vehicle accident in which he was a passenger in Knott County, Kentucky. Amburgey brought suit against the Knott County Fiscal Court[1] alleging negligence for failure to remove mud and debris from the roadway and failure to warn of the hazardous condition. Amburgey alleged that county employees left the mud and debris on the roadway after cleaning out a ditch line, causing the accident and failing to provide a warning of the hazardous condition. The Fiscal Court filed a motion for summary judgment arguing that it was entitled to sovereign immunity. Amburgey responded that the Fiscal Court did not have sovereign immunity, and even if it did, it had been waived by KRS 67.180. After considering the parties' arguments, the trial court summarily denied the Fiscal Court's motion for summary judgment on April 11, 2011. It is from this denial that the Fiscal Court now appeals.

Generally, our appellate jurisdiction is restricted to final judgments. Ordinarily, an appeal from the denial of a motion for summary judgment would not be permitted because it is regarded as interlocutory. Nevertheless, in *Breathitt County Bd. of Educ. v. Prater,* 292 S.W.3d 883 (Ky.2009), the Kentucky Supreme Court recognized an exception to the general rule that a denial of a motion for summary judgment constitutes an interlocutory order when it stated "that an order denying a substantial claim of absolute immunity is immediately appealable even

---

1. We note that Amburgey did not originally file suit against anybody else until after the Fiscal Court filed its motion for summary judgment on February 17, 2011. Thereafter, Amburgey amended his complaint to include county employees on March 4, 2011. Amburgey did not amend his complaint to sue the Fiscal Court members, either in their official or individual capacities.

in the absence of a final judgment." *Prater* at 887. Consequently, we have jurisdiction to review the trial court's denial of summary judgment in this case.

The standard of review of a trial court's denial of summary judgment is *de novo*. *See Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment is appropriate when there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Id.* The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). Summary judgment is proper only "where the movant shows that the adverse party could not prevail under any circumstances." *Id.* However, "a party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial." *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky.1992), citing *Steelvest, supra*. *See also O'Bryan v. Cave*, 202 S.W.3d 585, 587 (Ky.2006); *Hallahan v. The Courier–Journal*, 138 S.W.3d 699, 705 (Ky.App.2004). Pertinent to the case *sub judice*, whether an immunity defense applies is purely a question of law. *Estate of Clark ex rel. Mitchell v. Daviess County*, 105 S.W.3d 841, 844 (Ky.App.2003). With this in mind we turn to the parties' arguments.

■ On appeal, the Fiscal Court argues that the trial court erred in denying its summary judgment motion because it is entitled to sovereign immunity, which has not been expressly waived by statute.[2] In contrast, Amburgey argues that the Fiscal Court's sovereign immunity was expressly waived by KRS 67.180 and that this suit alleges that county employees were negligent in the operation of county vehicles.[3] With these arguments in mind we turn to the sole issue on appeal: whether the Fiscal Court is entitled to sovereign immunity *sub judice*.

At issue, KRS 67.180 states:

(1) The fiscal court of each county containing a city of the second, fourth, fifth or sixth class may, in its discretion, for the protection of the public and its employees, appropriate county funds to purchase policies of insurance of all kinds deemed advisable, covering vehicles operated by the county, and compensation insurance covering employees of the county receiving injuries arising out of and in the course of employment. (2) Suits instituted on such policies may be maintained against the county only for the purpose of obtaining a judgment which when final shall measure the liability of the insurance carrier to the injured party for whose benefit the insurance policy was issued, but not to be enforced or collectible against the county or fiscal court or the members thereof.

KRS 67.180.

■ KRS 67.180 has been interpreted by our Kentucky Supreme Court as "an

---

2. Additionally the Fiscal Court asserts that Amburgey had sufficient time for discovery and, thus, summary judgment was appropriate. Amburgey does not address this argument; we likewise decline to address this issue further.

3. Upon a review of the record, we disagree with Amburgey. The complaint filed and then amended never alleges the negligent operation of a county vehicle. It only alleges that county employees were negligent in not removing the mud and debris they placed upon the roadway while digging a ditch and for failure to warn about these conditions.

express, though limited, waiver of a county's sovereign immunity." *Grayson County Bd. of Educ. v. Casey,* 157 S.W.3d 201, 206 (Ky.2005), citing *Monroe County v. Rouse,* 274 S.W.2d 477, 479 (Ky.1954). This waiver is limited[4] to "a suit against a county for damages arising out of an automobile accident for the sole purpose of measuring the liability of the county's automobile liability insurer." *Reyes v. Hardin County,* 55 S.W.3d 337, 341 (Ky.2001).

We are unaware of this limited waiver of immunity being extended to a situation similar to the one *sub judice,* where the injuries did not arise from the actual use of a county vehicle but, instead, resulted from a vehicular accident, not involving a county-owned vehicle, due to the alleged negligence for failure to remove mud and debris from the roadway and failure to warn of the hazardous condition. Indeed, the first time Amburgey alleged that the county even used a vehicle, albeit to deposit mud and debris on the roadway, was during summary judgment arguments.

This is markedly different than the factual situation presented in *Monroe County v. Rouse,* wherein a county worker drove a road grader over the Appellee, Rouse. Simply stated, the case *sub judice* is not about injuries related to an automobile accident involving vehicles owned by the county but, instead, is one concerning the alleged negligence for failure to remove mud and debris from the roadway and failure to warn of the hazardous condition. Therefore, the trial court erred in not

granting summary judgment because the statute does not expressly waive sovereign immunity based on these facts.

In light of the aforementioned, we reverse and remand this matter to the trial court for an order granting summary judgment in favor of the Appellant, the Knott County Fiscal Court.

ALL CONCUR.

---

4. *See also Ginter v. Montgomery County,* 327 S.W.2d 98, 100 (Ky.1959), wherein the court reiterated that the suit against an uninsured county could not be collected from the county itself:

> The appellant further argues that KRS 67.180, in authorizing counties to purchase motor vehicle liability insurance and workmen's compensation insurance, indicates an intention of the legislature to depart from the doctrine of governmental immunity for tort. This argument is without merit, because subsection (2) of KRS 67.180 clearly recognizes the immunity doctrine in providing that a suit on such a policy is maintainable against the county only for the purpose of obtaining a judgment which shall measure the liability of the insurance carrier, and shall not be enforced or collectible against the county or the fiscal court.