RENDERED: NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1423-MR

UNIVERSITY OF KENTUCKY                                                    APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 23-CI-01684

CAITLIN HUFF AND JOSHUA HUFF                                         APPELLEES

OPINION
REVERSING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND EASTON, JUDGES.

CETRULO, JUDGE: University of Kentucky ("UK") appeals the Fayette Circuit

Court's denial of its motion to dismiss the claims of Caitlin Huff ("Caitlin") and

Joshua Huff ("Joshua," together the "Huffs") based upon its governmental

immunity.[1] Finding that the circuit court erred in declining to follow our

Commonwealth's established precedent, we must reverse the ruling below.

---

[1] The complaint named University of Kentucky Albert B. Chandler Hospital, UK Healthcare, and University of Kentucky. For purposes of this appeal, we are referring to all entities as UK.

# BACKGROUND

This case arises out of medical care Caitlin received at UK in May 2022. Caitlin was transported from Georgetown Community Hospital to UK because she exhibited symptoms requiring a higher level of care than was available at Georgetown Community Hospital. She had difficulty walking, had severe back pain and leg numbness, and problems with urinary retention. She was seen at UK by numerous medical providers and specialists over the next 24 hours, eventually underwent surgery, and was ultimately determined to be permanently paralyzed.

Caitlin filed suit against UK and more than 20 physicians, health care providers, and administrators. UK filed a motion to dismiss as their first responsive pleading, citing governmental immunity grounds. A hearing was held before the Fayette Circuit Court on September 15, 2023.

The central case argued below by UK, but rejected by the circuit court, is *Withers v. University of Kentucky*, 939 S.W.2d 340 (Ky. 1997). The circuit court held that the immunity decision in *Withers* was mere dicta, stating that the sole issue before the Supreme Court in that case had been whether the purchase of liability insurance created an implied waiver of immunity. The circuit court further noted that *Withers* was a plurality opinion by the Supreme Court, decided 4-3, and did not resolve the question of whether UK was entitled to immunity.[2]

---

[2] In fact, *Withers* is not a plurality opinion, as four Justices concurred in the majority opinion.

Finally, the circuit court ruled that it was time to revisit the immunity afforded UK under *Withers*, and specifically found that:

    a. UK performs a near purely proprietary function by (i) engaging in non-integral undertakings of a sort private businesses or corporations might engage in for profit; (ii) providing medical care and treatment for substantial profits in the same manner as engaged in by private businesses or corporations; (iii) competing against other hospitals in Kentucky's health care marketplace; (iv) forming strategic, proprietary partnerships with other hospitals in Kentucky's health care marketplace; (iv) owning health care businesses in various markets around the state; and (v) spending millions of dollars in marketing and advertising each year.

    b. UK does not satisfy the test for governmental immunity because (i) it does not rely on the state treasury; (ii) it is not under the direction or control of the state government because it is operated by its autonomous Board of Trustees; (iii) it pays claims against it from a fund, created and maintained by the Board of Trustees, that is established with its own funds, not general tax revenue; (iv) its substantial revenue is derived from the provision of medical care and treatment and it is not primarily supported by monies from the state treasury; and (v) it does not perform an integral government function – hospitals are not historically "governmental" – and UK thrives in the private marketplace by providing the same services as nearby private hospitals.

Based upon these findings, the circuit court denied UK's motion to dismiss, and this appeal resulted.

## STANDARD OF REVIEW

As a threshold matter, the issue before this Court is whether UK is entitled to governmental immunity from tort suits alleging medical malpractice arising from its operation of a hospital. "[W]hether a defendant is entitled to the defense of sovereign or governmental immunity is a question of law[,]" which we review *de novo*. *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017). Similarly, a motion to dismiss is reviewed *de novo*. *Mitchell v. Coldstream Lab'ys, Inc.*, 337 S.W.3d 642, 645 (Ky. App. 2010).

## ANALYSIS

We begin our review with *Withers*, *supra*. While nearly 30 years old, *Withers* is dispositive of the issue before us and binding on this Court. *See* Kentucky Supreme Court Rule 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). The problem with the circuit court's conclusion is that it is directly inapposite to the Supreme Court's holding in *Withers*. In *Withers*, the Supreme Court framed the issue before it as follows:

> At issue here is whether the University of Kentucky is entitled to immunity from claims of medical negligence at its medical center, and, if so, whether statutes authorizing its participation in a malpractice compensation fund and its actual participation in the fund are sufficient to constitute a waiver of immunity.

*Withers*, 939 S.W.2d at 341.

Here, the circuit court held that the underlying question in *Withers* – of whether UK is entitled to immunity – was conceded by the party challenging immunity in that case. Thus, the circuit court held, it was only in dicta that the plurality of the Supreme Court found that the university hospital operations were entitled to immunity. We cannot agree with that assessment when the Court so clearly stated the issue before it. Dicta is a judicial comment or statement that is unnecessary to the decision in the case and therefore not precedential, although it may be persuasive. *See Bd. of Claims of Kentucky v. Banks*, 31 S.W.3d 436, 439 (Ky. App. 2000) (citation omitted) (stating dicta within a prior opinion is not binding).

The circuit court, in rejecting its obligation to adhere to precedent, further noted that the Supreme Court had later suggested that "there may come a time for us to revisit *Withers*[,]" in light of the everchanging landscape of medical care. *Branham v. Rock*, 449 S.W.3d 741, 752 (Ky. 2014). That statement in *Branham* was indeed dicta. Further, while *Branham* suggested that *Withers* might need to be revisited *by the Kentucky Supreme Court*, even that dicta appears in a 10-year-old opinion, and the Supreme Court has not yet elected to do so, despite numerous opportunities. Furthermore, the *Branham* Court rejected the same arguments that the Huffs presented in this case, *i.e.*, that the operation of healthcare

facilities is a proprietary function and that *Withers* only addressed waiver of immunity through purchase of insurance. *Id.*

The Supreme Court, in *Branham* and multiple cases in the past 27 years, has thus far declined to revisit *Withers*. This Court and the vast majority of circuit courts have followed that binding precedent. The Supreme Court also rejected a motion to transfer this case directly to it for resolution, leaving the matter before this intermediate appellate court to decide, at least for now. It may be true, as the circuit court suggested orally at the hearing, that the only way this issue can be brought before the Supreme Court is for a lower court to rule contrary to the law.[3]

---

[3] The circuit court states, "This is where circuit judges and district judges are put in a quandary. We are told by the Supreme Court on a regular basis, the United States, as well as [the] Kentucky, that they can't *sua sponte*, just take a case. They don't have that right. They're an appellate review, and therefore, they can never address something even if they know it's ready to be addressed or should be addressed, without someone, which means it's going to have to be a party who then brings it before a court who's willing to, you know, bite the bullet and be the person to get chastised, or get reversed, or get – just so the rest of us know something. Now, *Withers* is dicta, I mean, to some degree.

. . . but here's the other thing. When you have a Supreme Court, like in examples where it was clearly – and just because it's the easiest one for all of us to get our heads around, for 50 years, *Roe v. Wade*[, 410 U.S. 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973),] was the law. It was the law of the land. Well, somebody obviously had to say, we don't think it's the law anymore, and take it to a – to a federal lower court, and the federal lower court had to be willing to say, we're ignoring *Roe* –

. . . for it to get to the Supreme Court. So how do we get the issue to an appellate court, a Supreme Court, that says it might be a time, there may very well be a time to look at this?"

However, although lower courts are permitted to express a disagreement with the current state of the law, a circuit court abuses its discretion when it fails to follow applicable precedent. *Armstrong v. Armstrong*, 34 S.W.3d 83, 87 (Ky. App. 2000). Similarly, this Court is not permitted to ignore Supreme Court precedent in order to force the High Court's hand. Finally, it is not simply the precedent of *Withers*, but more than 50 other opinions of this Court and the Supreme Court since 1997, that dictate our action today. *See, e.g.*, *Furtula v. Univ. of Kentucky*, 438 S.W.3d 303, 305 (Ky. 2014) ("The state universities of this Commonwealth, including the University of Kentucky, are state agencies that enjoy the benefits and protection of governmental immunity except where it has been explicitly waived by the legislature."); *Dep't of Corr. v. Furr*, 23 S.W.3d 615, 616 (Ky. 2000) (stating that "the line demarcating where the doctrine of sovereign immunity applied and where it did not apply was long drawn in shifting sands before we [the Supreme Court] chiseled the line in stone" in *Withers*); *Britt v. Univ. of Louisville*, 628 S.W.3d 1, 5 (Ky. 2021) ("The University of Louisville, as a state university of the Commonwealth, is a state agency entitled to the protection of governmental immunity."). Circuit courts across the Commonwealth have similarly adhered to this precedent for more than a decade. We conclude that this Court and the lower courts must continue to follow *Withers*, unless the Supreme Court tells us otherwise.

While it is tempting to address the legal and practical issues raised and the evidence presented below, the Supreme Court is the "us" that would have to revisit those questions, not this Court nor one division of the Fayette Circuit Court. We "cannot overrule the established precedent set by the Supreme Court[.]" *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000) (citing *Special Fund v. Francis*, 708 S.W.2d 641, 642 (Ky. 1986)); *see also Gill v. Burress*, 382 S.W.3d 57, 65 (Ky. App. 2012).

Thus, we do not address the interesting questions raised in the circuit court's ruling below as to whether UK is engaged in a proprietary function, or whether that test is even applicable to UK, in light of other recent decisions of the Kentucky Supreme Court. *See Commonwealth ex rel. Beshear v. Commonwealth Office of the Governor ex rel. Bevin*, 498 S.W.3d 355 (Ky. 2016). Neither do we address whether there has been a waiver of immunity as prior decisions have held that only the General Assembly is constitutionally authorized to determine if, when, and how that immunity has been waived. *See Caneyville Volunteer Fire Dept. v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790 (Ky. 2009); *see also Furtula*, 438 S.W.3d. at 305.

Instead, we elect to simply rule promptly, adhering to our Court's prior opinions and what we interpret the Supreme Court precedent to hold. In so ruling, we are cognizant of the recent opinion of this Court in *Russell v. University*

*of Kentucky Medical Center*, No. 2023-CA-1095-MR, 2024 WL 4521374, (Ky. App. Oct. 18, 2024) (unpublished opinion), in which we upheld dismissal of UK (on governmental immunity grounds) by a different division of the Fayette Circuit Court that followed *Withers*. We also recognize that a third case remains pending before this Court in which the same trial court involved in this case again denied dismissal to UK on the basis of governmental immunity. *Univ. of Kentucky v. Justus Rice*, No. 2023-CA-1340-MR, *appeal docketed* (Ky. App. Nov. 15, 2023).

Perhaps the conflicting rulings of the Fayette Circuit Court will result in the Supreme Court accepting review of these issues and clarifying its intent, but until then, we are bound to follow precedent. It may very well be that the time for revisiting the granting of immunity to UK and others is now, but only the Supreme Court can open that door, "and only the Supreme Court should determine whether it is best to do so." *See Fry v. Caudill*, 554 S.W.3d 866, 873 (Ky. App. 2018) (Acree, J., concurring).

For all the forgoing reasons, we reverse the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Bryan H. Beauman
Andrew DeSimone
Madeleine B. Loeffler
Lexington, Kentucky

Bradley Case
Stephen Mattingly
Louisville, Kentucky

William E. Thro
Margaret Pisacano
Lexington, Kentucky

BRIEF FOR APPELLEES:

Kris D. Mullins
D. Tysen Smith II
Louisville, Kentucky